### Peter Laing v. Robert G. McKee.

*Fraud in obtaining tax deed — owner of land seeks relief — conveyance decreed.* — Defendant having purchased complainant's land at a tax sale, the latter, shortly before time for redemption expired, offered to pay him the amount of his bid, with twenty-five per cent. interest thereon, for assignment of the certificate of said sale, and defendant promised that he would send complainant an assignment of said certificate, and accept the amount of said bid and interest, within two or three days. Complainant, relying upon the defendant's promise, permitted the time for redemption to expire, after which defendant obtained a deed from the Auditor General, and upon a tender subsequently made to him, of the amount of his bid, with interest and charges, refused to accept the same, or to execute a deed of said land to complainant; — *Held,* That defendant's conduct, under the circumstances, was a fraud upon complainant, and that the latter was entitled to a decree against him for conveyance of said property.

*Submitted January 4.        Decided January 28.*

Appeal in Chancery from Clinton Circuit.

The case is fully stated in the opinion of the Court.

*S. L. Kilbourne,* for complainant.

*J. H. McKee* and *Hanchett & Lyon,* for defendant.

COOLEY J.:

The bill of complaint in this case sets forth that complainant is the owner of a forty acre lot in Clinton county, which, at the annual tax sales, made in October, 1858, was sold to defendant for taxes delinquent for the year 1857, amounting to one dollar, forty-one cents; that complainant having a right to redeem from this sale sent the money for that purpose by one Treat to the office of the Auditor General, but that Treat, ascertaining that the sale was made to defendant, who was a neighbor of complainant, returned the money without redeeming, saying that he thought complainant could procure an assignment of the certificate of sale from defendant; that complainant called upon defendant for that purpose, who told him the certificate was then at Lansing, but he might send for and obtain it, and defendant would then assign it; that complainant sent and

LAING v. McKEE.

obtained it accordingly, and gave it to one Alvah C. Laing, with a sum of money sufficient to pay defendant the amount of his bid, together with twenty-five per cent. interest thereon, and that said Alvah, in the latter part of September, 1859, took the same to defendant with a request that he should assign the certificate; that defendant said he would do so, but could not do it then, owing to the absence of an officer to take the acknowledgment, but he would make and acknowledge the assignment, and in two or three days take it to complainant, and would then receive the money for the same, together with the expenses of the acknowledgment.

The bill further states that complainant believed and relied upon this assurance, and consequently allowed the time for redemption to expire without redeeming; but defendant, after the time to redeem had expired, surrendered his certificate and obtained from the Auditor General a deed, and that he now refuses on demand to receive the amount of the bid, with twenty-five per cent. interest and his costs and expenses in the premises, and convey to complainant: And the bill prays that he may be compelled to convey accordingly.

The case was heard on pleadings and proofs, and we think the evidence taken fully substantiates the material charges made by the complainant's bill. He is, therefore, entitled to the relief prayed unless the bill itself fails to make a sufficient case.

It is objected on the part of defendant that the agreement on his part was a parol contract in relation to lands, and therefore void under the Statute of Frauds, and that there has been no such part performance of it as will entitle complainant to have it specifically performed.

We do not think this case is to be put on the ground of specific performance solely. The facts charged and

established show that complainant, relying upon the promise of defendant to assign, neglected to exercise his legal right to redeem, and defendant was thereby enabled to obtain a deed of the lands. It sufficiently appears that complainant would have made the redemption but for the assurances thus made to him, and a fraud has thus been perpetrated upon him, against which he is entitled to relief. It is a matter of no moment whether the fraud was perpetrated by means of a promise upon which he relied, and which the defendant did not intend to keep, or by untrue statements as to existing facts. And it is not necessary for us to decide, in this view of the case, whether the agreement to assign the certificate was or was not void under the Statute of Frauds.

It is also objected that the terms of the understanding between the parties were indefinite, inasmuch as the rate of interest to be paid by complainant was not fixed. We think the evidence establishes the fact that Alvah C. Laing handed to defendant the amount of the bid with twenty-five per cent. interest thereon, and that defendant returned the same with the excuse before mentioned, at the same time promising to bring up an assignment and take the money, together with the expense of acknowledgment, in three or four days. Without going back of this interview, there is sufficient to establish with precision the terms upon which the transfer was to be made, and we shall not, therefore, consider what might have been the effect upon this case of any ambiguity in these terms.

The decree of the Court below must be reversed, and a decree entered in this Court granting to complainant the relief prayed, with costs of both Courts.

CAMPBELL and CHRISTIANCY JJ., concurred.

MARTIN Ch. J., *dissenting:*

I cannot concur in this opinion, as I can find from

the testimony no evidence of a contract which the law should or will enforce, and of course no breach of performance. Neither do I discover any fraud in the conduct of McKee respecting the subject of controversy.