MICHAEL PRONDZINSKI *vs.* JAMES GARBUTT.

Opinion filed December 5, 1898.

**New Trial of Equity Case Tried to Jury.**

> Where the records of a case show that a case exclusively of equity jurisdiction has been tried as an action at law, and to a jury, this Court will sustain the order of the trial court setting aside the verdict and granting a new trial therein, regardless of the fact that no specific objection was made by either party to such method of trial.

**Redemption After Time—Fraud—Relief in Equity.**

> Where a complaint states that the holder of a sheriff's certificate of sale of real estate by fraud and false promises prevented the owner from redeeming within the statutory period, and, in violation of his oral agreement to extend the period of redemption, took a sheriff's deed, such facts entitle the aggrieved party to relief in equity.

**Involuntary Trustee.**

> Such facts, when established, constitute the wrongdoer an involuntary trustee, under section 4263, Rev. Codes.

Appeal from District Court, Walsh County; *Sauter,* J.

Action by Michael Prondzinski against James Garbutt. Verdict for plaintiff. From an order granting a new trial, he appeals.
Affirmed.

*John H. Fraine,* (*Cochrane & Corliss* of counsel), for appellant.

The right to redeem property sold on execution may be prolonged by parole agreement of the parties beyond the statutory period. *Griffin* v. *Coffey,* 50 Am. Dec. 519. It is a fraud for the purchaser to refuse to carry out his parole agreement after the redemption period has expired and equity will grant relief. *Southard* v. *Pope,* 9 B. Monroe 264; *Adams* v. *Kable,* 44 Am. Dec. 772; *Wilson* v. *Eggleston,* 27 Mich. 260; *Laing* v. *McKee,* 87 Am. Dec. 738. The statute of frauds cannot be set up as a protection to fraud. *Teague* v. *Fowler,* 56 Ind. 569; *Barnard* v. *Flynn,* 8 Ind. 204; *Leahey* v. *Leahey,* 11 Mo. App. 413; *Turner* v. *Johnson,* 95 Mo. 431; *Arnold*

v. *Cord*, 16 Ind. 177; *Kinnard* v. *Heirs*, 3 Rich. Eq. 423; *Martin* v. *Martin*, 6 B. Mon. 8. The rule that an appellate court will support an order granting a new trial more readily than one denying an application for a new trial does not apply where the ground on which the order was granted is not one involving judicial ·discretion but presents the naked question whether there was or was not an error in law occurring at the trial. *Braithwaite* v. *Aiken*, 2 N. D. 57, 62; *Clifford* v. *R. R. Co.*, 12 Colo. 125; *Lorenzana* v. *Camarillo*, 41 Cal. 467; *The Minnesota Thresher Mfg. Co.* v. *Lincoln*, 4 N. D. 426; *Alt.* v. *C. & N. Ry. Co.*, 57 N. W. Rep. 1126. Where no question of discretion is involved this Court will reverse the order if there was in fact no error in law occurring at the trial. It has done so in several cases. *Braithwaite* v. *Aiken*, 2 N. D. 57; *Minn. T. Mfg Co.* v. *Lincoln*, 4 N. D. 410; *Flugel* v. *Henshel*, 6 N. D. 205. A party who lulls the owner of property into a sense of security by promising him that he may have further time to redeem cannot after the time has expired use the statute of frauds as an instrument to enable him to accomplish the fraud upon the owner of the land he had in view when he made the promise. Cases in note 40 Am. Dec. 207; *Kaler* v. *Grady*, 37 S. W. Rep. 955; *Morrow* v. *Jones*, 60 N. W. Rep. 369; *Little* v. *Jones*, 19 S. W. Rep. 497; *Cox* v. *Ratcliffe*, 105 Ind. 374; *Moorman* v. *Wood*, 19 N. E. Rep. 739; *Schrooder* v. *Young*, 161 U. S. 334, 16 S. C. Rep. 512; 2 Freeman on Executions, § 316, pp. 1078, 1079. As the contract was valid and defendant broke it, plaintiff has a right of action for damages for the breach. *Kolka* v. *Jones*, 6 N. D. 461, 71 N. W. Rep. 558. Respondent cannot urge for the first time in this Court that the complaint does not aver the disposition of the land by respondent. When he made his motion to exclude evidence under the complaint, he specified the points that the agreement was not in writing and that there was no consideration for the promise alleged. By this specification of grounds he waived others. *First Nat. Bank* v. *Laughlin*, 4 N. D. 391; *Minnesota Th. Mfg Co.* v. *Lincoln*, 4 N. D. 410-426. The insufficiency of the pleading cannot be raised by a general objection to all evidence at the beginning of the trial, but when evidence on the particular point not set out in the complaint is offered it must be objected to on the specific ground that it is not within the issues. *Bowman* v. *Eppinger*, 1 N. D. 23, 44 N. W. Rep. 1000. This Court if necessary will amend the complaint to conform to the proofs. *Anderson* v. *Bank*, 5 N. D. 80, 64 N. W. Rep. 114. A party cannot wait to ascertain whether an answer will be favorable and then move to strike it out. He must object before the answer is given. 1 Thom. on Tr. § 700; *Maxwell* v. *Ry. Co.*, 85 Mo. 95. When a party is interrogated as to extra judicial statements for impeachment purposes, a foundation must be laid by calling the witness's attention to the time, place and circumstances of the statement. 1 Rice Ev. 622, 624; 29 Am. & Eng. Enc. L. 784; 10 Enc. Pl. & Pr. 282; 1 Greenl. Ev. § 462; *Aneals* v. *Peo.*, 25 N. E. Rep. 1022;

*State* v. *Hunsaker,* 19 Pac. Rep. 695; *Brown* v. *State,* 20 Atl. Rep. 186; *Wood River Bank* v. *Kelley,* 46 N. W. Rep. 86; *Conway* v. *Nichol,* 34 Ia. 533; *Pope* v. *Lathrop,* 46 N. E. Rep. 154; *Browning* v. *Gosnell,* 59 N. W. Rep. 340.

*De Puy & De Puy (Templeton & Rex* of counsel), for respondent.

The order granting new trial must be upheld if any of the grounds enumerated in defendant's motion were well taken.    Defendant is not limited to the single ground specified in the Court's order. *Grant* v. *Moore,* 29 Cal. 644; In re Raynor, 16 Pac. Rep. 229; *Hewitt* v. *Steele,* 24 S. W. Rep. 440; *Denslow* v. *Dodendorf,* 66 N. W. Rep. 409; *Tatum* v. *Tatum,* 20 So. Rep. 341; *Knight* v. *Barnes,* 7 N. D. 591, 75 N. W. Rep. 904. The complaint does not state a cause of action and defendant's general objection to all testimony thereunder was well taken.    Overruling this objection was an error of law occurring at the trial.   The complaint does not aver a tender of the amount necessary to redeem, or any demand for a deed. *Nye* v. *Swan,* 49 Minn. 431; *Union Mut. Life Ins. Co.* v. *White,* 106 Ill. 67; *Underwood* v. *Ten,* 34 Pac. Rep. 1100; *Goodwine* v. *Morey,* 22 N. E. Rep. 82; *Shelley* v. *Mikkelson,* 5 N. D. 22.   The rule that naming the grounds of an objection, motion or demurrer excludes all other grounds, has no application in a case where the complaint is attacked for want of sufficiency with respect to the facts alleged.    *Barnet* v. *Muncie Nat. Bank,* 98 U. S. 555, 25 L. Ed. 212; *Putnam* v. *Lamphier,* 36 Cal. 151; *Pope* v. *Mfg. Co.,* 107 N. Y. 61; *Porter* v. *Booth,* 1 S. D. 558, 47 N. W. Rep. 960; *Lee* v. *Emery,* 10 Minn. 187; *Northern Trust Co.* v. *Markell,* 63 N. W. Rep. 735; *Haskell* v. *Moore,* 29 Cal. 437; § 5272 Rev. Codes; *Weltner* v. *Jacobson,* 7 N. D. 34, 73 N. W. Rep. 65. The evidence does not show a valid foreclosure of the mortgage.   A deed executed in pursuance of a foreclosure by advertisement is not even prima facie evidence of title.    *Grant County* v. *Col. & U. S. Mtge. Co.,* 3 S. D. 390, 53 N. W. Rep. 746.    The Court charged the jury that plaintiff might recover if defendant made the promise to extend the period of redemption and took the deed.    The taking of a deed by defendant would not deprive plaintiff of his right to redeem if the promise was in fact made.    *Felton* v. *Smith,* 84 Ind. 485; *Union Mut. Life Ins. Co.* v. *White,* 106 Ill. 67; *Dodge* v. *Brewer,* 31 Mich. 227.

YOUNG, J.   The complaint in this case in substance alleges that for some time prior to January 5, 1895, the plaintiff was the owner in fee of a certain 160 acres of land situate in Walsh county (particularly describing it); that said land was incumbered by several liens created by his grantor, one of which, being a mortgage to one W. R. Shepard, had been foreclosed by a sale of the land, and a sheriff's certificate of sale issued to said Shepard at the date of such sale, to-wit: December 30, 1893; that in March thereafter the certificate of sale was assigned to the defendant, James Garbutt;

that thereafter, and in the month of December, and within the year allowed for redemption, the plaintiff offered to pay to the defendant the amount of money required to make redemption from the foreclosure; that the defendant, with intent to defraud and deceive the plaintiff, and for the purpose of inducing the plaintiff to defer making redemption, well knowing that plaintiff relied upon his representations, promised plaintiff that he would give him further time in which to redeem, which promise was made for the purpose of deceiving plaintiff, and without intention of keeping it, and to induce plaintiff to alter his position, and to put it out of his power to redeem said land, to the end that defendant might get a sheriff's deed thereto; that plaintiff, in reliance upon such promise, allowed the period of redemption to expire; that on the 5th day of January, 1895, the defendant caused a sheriff's deed thereto to be issued to him, placing the same of record on that day, transferring the legal title to said land from plaintiff to this defendant; that the plaintiff was ready, willing, and able to pay the amount necessary to redeem said land, which was $731.35 and interest; that through such promises plaintiff was induced not to do so, but to pay his money upon other indebtedness held by the defendant; that said land was on the 30th day of December, 1894, of the the value of $4,500. To this statement of facts the plaintiff adds this prayer: "Wherefore plaintiff demands judgment against the defendant for the sum of $3,768.65, with interest thereon from the 30th day of December, 1894, together with the costs and disburements of this action." The defendant by his answer admitted the existence of the liens, the foreclosure of the mortgage, and purchase of the sheriff's certificate, and also the issuance and recording of the sheriff's deed, and that the land was of the value of $1,800, but by a denial placed all other allegations in issue. The case was tried as an action at law to a jury, and a verdict returned for the plaintiff for $2,178.45, with 7 per cent. interest from January 5, 1895. The defendant made a motion for a new trial, which was granted by the trial court. From the order setting aside the verdict and granting a new trial, plaintiff appeals.

The motion was based entirely upon errors of law, only one of which will be referred to. The Court, in its order granting the motion, used this language: "The decision of the Court herein is based solely upon the first ground specified in defendant's motion, to-wit: that the complaint does not state facts sufficient to constitute a cause of action." The abstract discloses that in fact this objection adopted by the Court as the basis of its order was made at the opening of the trial, in the form of an objection to the introduction of any testimony in the case, and after the impaneling of a jury. Treating the objection as directed to the sufficiency of the complaint to state a cause of action generally, it was not good, as we shall hereafter notice. Considering it, however, as assailing the complaint as not stating facts sufficient to constitute a cause of action at law, and bearing in mind that when made the trial was actually pro-

ceeding as an action at law, the objection should have been sustained. The complaint shows upon its fact that, through a regular process of foreclosure, the legal title to plaintiff's land passed to defendant on January 5, 1895. Plaintiff had a legal right to redeem from that foreclosure up to December 30, 1894. That right he did not exercise. For the loss which followed as a consequence of his failure to do so he seeks redress in this action. This case, in its facts, is not an isolated one, and the authorities disclose that appeals to the courts for relief in such cases have not been of unusual occurrence. So far as we are able to learn, however, redress has been sought through, and granted only by, courts of equity. The reason for this is not arbitrary, but arises from the very foundation of the right to relief. In this case, at its threshold, we are confronted with a statement of facts embracing fraud, deception and false promises, set out and urged to defeat the effect of the sheriff's deed issued regularly and in due course to the defendant, which deed, if it is unassailed or unassailable, determines the rights and relation of the parties as to this land. These facts so urged address themselves peculiarly and exclusively to a court of equity, and invoke the power of that court to extend complete relief. The power of courts of equity to give relief in this class of cases has not only been generally recognized, but has also been unhesitatingly exercised when a proper state of facts required it. See *Combs* v. *Little,* (N. J.) 40 Am. Dec. 207; *Laing* v. *McKee,* 13 Mich. 124; *Wilson* v. *Eggleston,* 27 Mich. 257; *Adams* v. *Kable* (Ky.) 44 Am. Dec. 772; *Griffin* v. *Coffey,* 50 Am. Dec. 519; *Wingate* v. *Ferris,* 50 Cal. 105; *Beatty* v. *Brummett,* 94 Ind. 76; *Ryan* v. *Dox,* 34 N. Y. 307; *Schroeder* v. *Young,* 161 U. S. 334, 16 Sup. Ct. 512; *Tice* v. *Russell,* 43 Minn. 66, 44 N. W. Rep. 886. It may also be noted that the result of the establishment of the facts urged as the basis of plaintiff's action is to create a trust relation between him and the defendant. If the defendant secured the sheriff's deed by false promises, and under circumstances which in equity would entitle the plaintiff to relief against it, he would nevertheless hold the land, the title to which he had thus wrongfully acquired, as trustee for the benefit of the plaintiff. *Huxley* v. *Rice,* 40 Mich. 73; *Combs* v. *Little,* 40 Am. Dec. 207 (see note appended, with citations). This Court, in *Jasper* v. *Hazen,* 1 N. D. 75, 44 N. W. Rep. 1018, not only announces its adherence to the foregoing principle, but that case, which was somewhat similar to the one at bar, is strongly in point in upholding our view that plaintiff's remedy is, under the facts stated, exclusively in equity. The doctrine as announced by the Court and above referred to is also specifically embodied in section 4263, Rev. Codes: "One who gains a thing by fraud, accident, mistake, undue influence, the violation of a trust or other wrongful act, is, unless he has some other and better right thereto, an involuntary trustee of the thing gained for the benefit of the person who would otherwise have had it." Under the head of "Obligation of Trustees," section 4265, Id., provides

that "a trustee may not use or deal with the trust property for his own profit or for any purpose unconnected with the trust in any manner." Again, section 4273 fixes his liability in the following language: "A trustee who uses or disposes of trust property contrary to section 4265 may at the option of the beneficiary, be required to account for all profits so made or to pay the value of its use and if he has disposed thereof, to replace it with its fruits or to account for its proceeds with interest." Thus, not only does the statute declare that a trust relation results, but to some extent, at least, fixes the liability of the trustee; and should it appear that the plaintiff is entitled to relief, and the land in question and its fruits are not restored to him, if such is his election, he may recover its value, with interest, or the proceeds of the sale, with interest, as he may elect,—in either case deducting the amount due upon the sheriff's certificate. The facts which go to show the existence of the trust relation in this class of cases, as already stated, not only appeal directly to a court of equity, but the effect of successfully establishing them results in the finding of a trust, which is peculiarly of equitable cognizance.

No case has been found wherein an action at law has been maintained under the state of facts here existing. It is urged, however, that the fact that the remedy at law has not been resorted to by suitors is by no means conclusive on the question as to whether or not it should be accorded in this case. That is true. But we are clear that to hold that an action at law may be maintained upon the state of facts which here exists would be subversive of the fundamental principles which distinguish courts of law and courts of equity and their remedies. This court cannot lend its sanction to the recognition of a remedy at law where the remedy at equity is ample, long established, and by usage exclusive, particularly where the subject matter, as in this case, is so peculiarly the subject of equity jurisdiction. It may be urged that technically the objection made to the admission of evidence which the Court used as the basis of his order granting the new trial was not broad enough to raise the question as we have discussed it. We think that it was. Regardless of this, however, we are of the opinion that when the records of a case show that a case exclusively of equity jurisdiction has been tried as an action at law, and to a jury, and that a new trial had been granted by the trial court, this Court would sustain the order of the trial court setting aside the verdict and granting a new trail, regardless of the fact that neither party had made objections to such method of trial. Having reached the conclusion that the facts of this case make it one solely of equitable cognizance, the duty then fell upon the trial judge to find the facts himself. The verdict of a jury or findings of a referee would be simply advisory, and entirely subject to his control. See Rev. Codes, §§ 5420, 5460; also, Lawson, Rights, Rem. & Prac. § 3414. In *Milk* v. *Moore*, 39 Ill. 584, the Court said: "The chancellor is the sole judge of the evidence and its weight; and even when he directs

an issue of fact to be tried by a jury, to inform his conscience, he may adopt the verdict of the jury, or he may disregard it and render a decree against their finding, or he may grant a new trial, as he may believe justice demands." The action of the trial judge in setting aside the verdict and granting a new trial was therefore merely the exercise of an inherent authority of an equity court. This view is sustained by *Wingate* v. *Ferris,* 50 Cal. 105, which was a very similar case, with the exception that the property involved was personal. Wingate alleged that the steamer Express, owned by him, and of the value of $10,000, was about to be sold under legal process to satisfy a debt of $300; that the defendant, Ferris, agreed to attend the sale and bid the property in for him, and subsequently allow him to redeem by paying the amount of his bid and interest. Ferris did bid it in for $1,200, but, in violation of his promise, sold the property. Wingate asked for $9,027 damages. We quote from the statement: "The case was tried with a jury, the same as a case at law, and a general verdict returned in favor of the plaintiff for $4,939. Neither party objected to this form of trial, or asked for special findings. Judgment was rendered for the plaintiff for the sum named in the verdict." The defendant moved for a new trial, which the Court granted, stating the reasons therefor in this language: "The remedy of the plaintiff against the defendant is not in law (*Heylend* v. *Badger,* 35 Cal. 404), but in a court of equity (*Sanfoss* v. *Jones,* Id. 481) ; and the remedy is to redeem the property, if it is in the hands of the trustee, or to compel the trustee to account for it, if he has sold it to a bona fide subsequent purchaser without notice (*Sanfoss* v. *Jones,* supra). Defendant, it appears, sold the property. No action has been brought to set aside the sale. Plaintiff, therefore, does not complain of the sale as against the vendee of his trustee. He complains of the conduct of his trustee, but has not availed himself of his remedy to compel him to account to him concerning the trust. Defendant himself could have given this litigation that direction, by filing a cross complaint in equity, but neither has he chosen to do that. Both stand upon strict legal rights, and contest their claims by an action of trover in a court of law; and, as strict matter of law, I think defendant is entitled to a new trial." Plaintiff appealed from the order granting the new trial. In its opinion the Supreme Court said : "The complaint contains a statement of a cause of action such as would entitle the plaintiff to equitable relief. We entertain no doubt that the District Court had power to set aside the general verdict and the judgment entered thereon. As the cause was one or equity cognizance, the facts should have been found by the Court, or specially by a jury under an order of the Court. The order vacating the verdict was proper." The Court, however, did not affirm that portion of the order granting a new trial, stating that no reason appeared why the testimony need be retaken, but directed the District Court to proceed to determine the issues of fact "upon the testimony already taken, and upon such further testimony, if

any, as may be taken, in case the said District Court shall, in its discretion, open the case for further testimony." We do not deem it advisable in this case to require the trial court to use the testimony already taken, or to restrict the steps which counsel may see fit to take to properly prepare the issues and submit the case to the Court in accordance with the views we have expressed. The order granting the new trial and vacating the verdict is affirmed. The costs of this appeal to abide the final decision of the case. All concur.