## MURPHY v. TEUTSCH et al.

(35 L.R.A.(N.S.) 1139, 132 N. W. 435.)

**Execution sale — redemption — waiver of purchaser's rights.**

1. The acceptance of a partial payment by the purchaser at an execution sale prior to the expiration of the statutory period of redemption operates as a waiver to the right to sheriff's deed, and the execution debtor will be allowed to redeem after the expiration of such statutory period.

**Execution — joint purchasers.**

2. Where execution creditors purchase property at an execution sale, and agree that their respective interests in the certificate of sale be in proportion to the relative amount of their debts at the time of sale, their interest in such certificate is a joint one, and each is bound by the acts of the joint owner.

**Execution — joint purchasers.**

3. An oral agreement by one of the joint owners of a sheriff's certificate of sale to extend the period of redemption is binding upon all the joint owners of such certificate.

Opinion filed June 5, 1911. Rehearing denied September 23, 1911.

Appeal from District Court, Ward county; *Goss,* J.

Action by Anna D. Murphy against Eugene Teutsch and others. From an order overruling demurrer, defendant Teutsch appeals.

Affirmed.

*F. B. Lambert,* for appellant.

*Thompson & Schull,* for respondent.

CRAWFORD, Special Judge. The complaint in this case in sub-
stance alleges: That at all times mentioned therein plaintiff was the
owner in fee of certain lots in the city of Minot of the value of $16,000.
That defendants Teutsch and Swenson held mechanics' liens against
said premises, and an action was brought by Teutsch to foreclose the
same on or about April 16, 1908. Thereafter, and on the 27th day of
August, 1908, judgment was entered in favor of Teutsch for $190.10,
and in favor of Swenson in the sum of $838.38; and said defendants
were adjudged to have a lien on the lots described, and a direction
that said premises be sold to satisfy said liens. That thereafter the
sheriff levied upon said property under special execution, and advertised
the same for sale, and sold the same on October 24, 1908, to Teutsch
and Swenson for the sum of $1,067.08, and, on the 9th day of No-
vember following, the sheriff executed and delivered a certificate of
sale to Teutsch and Swenson jointly, with the usual recitations. That
plaintiff had, at various times prior to the expiration of the period of
redemption, paid to Swenson several sums of money, amounting in the
aggregate to $350, and subsequent to the payment of the said money, and
on the 20th day of October, 1909, the plaintiff, through her agent,
interviewed said Swenson relative to effecting a redemption of the said
premises from said foreclosure sale, and stated to said Swenson that
said plaintiff would pay the full amount necessary to redeem said prem-
ises on the 30th day of October, 1909, to which Swenson agreed, and
further informed the plaintiff that, if said sum was paid on said date,
it would be satisfactory, and at the same time stating that the period
of redemption did not expire until the 9th day of November, 1909,
all of which was communicated to the plaintiff by her agent, and the
plaintiff relied upon the statements, and believed that she had full legal
right to redeem said premises any time prior to November 9, 1909,
further alleging that, during all the times mentioned, Swenson had
the custody of the certificate of sale, and was at all times fully author-
ized by the said defendant Teutsch to accept and receive money paid
by the plaintiff for the purpose of redeeming the premises from the
foreclosure sale. That on the 30th day of October, 1909, the plaintiff,
through her agent, tendered to the sheriff of Ward county the full
amount necessary to redeem said premises, which tender was refused,
and thereafter, on the same day, deposited the amount necessary to

redeem in a bank in Minot to the credit of said sheriff, and gave notice to the sheriff of the deposit of the money to his credit for the purpose of redeeming the premises from said sale. Two days later the defendant paid defendant Swenson $579, the balance due him, and he executed a certificate of redemption as to his interest in said foreclosure sale.

To this statement of facts the plaintiff adds, among other things, her prayer for relief that she be adjudged and decreed to be entitled to redeem said premises from said foreclosure sale within such time as may be fixed by the court. The complaint shows upon its face that the proceedings were regular for the foreclosure of the mechanics' liens up to and including the issuance of the sheriff's certificate; that plaintiff had a legal right to redeem from that foreclosure up to October 24, 1909. That right she failed to exercise. For the loss of the right which followed as a consequence of her failure to do so, she seeks redress in this action, and asks the court to permit her to redeem after the year of redemption has expired.

The power of courts of equity give relief in certain class of cases, and permit a redemption of real estate sold under execution after the statutory period of redemption has expired, has been generally recognized, and such power has been exercised when a proper state of facts required it. See Prondzinski v. Garbutt, 8 N. D. 191, 77 N. W. 1012; Laing v. McKee, 13 Mich. 124, 87 Am. Dec. 738; Wilson v. Eggleston, 27 Mich. 257; Graffam v. Burgess, 117 U. S. 180, 29 L. ed. 839, 6 Sup. Ct. Rep. 686; Schroeder v. Young, 161 U. S. 334, 40 L. ed. 721, 16 Sup. Ct. Rep. 512; Hart v. Seymour, 147 Ill. 598, 35 N. E. 246. Such power has been exercised by courts of equity most frequently upon a sufficient showing of either fraud, accident, or justifiable mistake.

The defendant Teutsch relies mainly upon two propositions: (1) That the plaintiff allowed the statutory period of redemption to expire, and has not brought herself within any of the rules in which courts of equity will afford relief. (2) If the acts of Swenson were sufficient, such acts are not chargeable to nor binding upon him.

All the transactions had concerning the redemption from said sale prior to the expiration of the period of redemption were with Swenson, who accepted $350 prior to the expiration of the period and the bal-

ance due him on October 30, 1910, in accordance with his agreement to extend the time for redemption to that date.

The acceptance of a part payment by the purchaser at an execution sale during the statutory period of redemption operates as a waiver to the right to a sheriff's deed, and such purchaser can only look to the land as security for the payment of the balance. Neither equity nor good conscience would permit such purchaser to accept payments during the period of redemption, and then exact a full forfeiture upon a failure to pay the balance within said period. Southard v. Pope, 9 B. Mon. 261; Ott v. Rape, 24 Wis. 336, 1 Am. Rep. 186; Whiting v. Butler, 29 Mich. 133; Spath v. Hankins, 55 Ind. 155; Felton v. Smith, 84 Ind. 485. Southard v. Pope, supra, holds that a "redemption, having been commenced, must progress until it be complete. The purchaser is under no obligation to return the money which he has received. . . . Inasmuch as he cannot retain both the land and the money, his reception of the latter operates as a legal waiver of his right to enforce a forfeiture and make his purchase absolute under the statute, and gives to the owner of the land a right to redeem after the expiration of the year. The purchaser is under no obligations to receive less than the whole amount of the purchase money. But, if he receive a part, he thereby changes the character of his title, surrenders his right to enforce a forfeiture under the statute, and, by enabling the owner to redeem after the year, converts his purchase into a mere lien to secure the payment of the balance of the purchase money. It is necessary to give this effect to the act of the parties to do justice between them." In addition to receiving a portion of the money prior to the expiration of the statutory period of redemption, Swenson agreed orally with plaintiff to extend the time for redemption to the 30th of October, 1910, on which date the plaintiff made a tender of the full amount necessary to redeem from such sale. On such an oral agreement the plaintiff had a right to rely, and violation of such agreement would amount to a fraud upon the plaintiff. This court has held in the case of Prondzinski v. Garbutt, 8 N. D. 191, 77 N. W. 1012, that where a purchaser at an execution sale, during the period of redemption, makes an oral promise to the owner to extend the period of redemption, and the same is relied upon, such promise is binding, and for violation of such oral agreement a court of equity will afford re-

lief. See also Schroeder v. Young, 161 U. S. 334, 40 L. ed. 721, 16 Sup. Ct. Rep. 512.

It is very strenuously contended by defendant Teutsch that the acts of Swenson were not binding upon him, and he is entitled to a deed for his proportional interest in the lots in question. By an agreement between Teutsch and Swenson their respective interests in the land purchased were to be in proportion to the relative amount of their debts at the time of sale. Such a purchase is essentially a joint one in its character and effect, and combined the sums due on both executions into one consolidated debt. Swenson had the custody of the sheriff's certificate of sale, and the plaintiff had a right to redeem by the payment of the whole purchase money to him, and had a right to rely on the oral agreement of one of the joint owners of the sheriff's certificate of sale to extend the time for redemption, and the other joint owner cannot take advantage of the fact that he was not personally consulted concerning such extension of time, and cannot claim a forfeiture as to his interest in the sheriff's certificate of sale. He is bound by the acts and agreement of the joint owner of the certificate of sale. Southard v. Pope, 9 B. Mon. 261.

When Teutsch and Swenson made a joint bid at the sale, they became joint creditors during the year of redemption, having a lien upon the premises, by virtue of the judgment, as security for their joint claim, and, this being true, the debtor could pay either one. The case is analogous to that of joint mortgagees, and it is well settled in such a case that the mortgagor may pay either one of the joint mortgagees. 20 Am. & Eng. Enc. Law, 2d ed. 1059, and numerous cases cited. Also 1 Jones, Mortg. 6th ed. § 958, and cases cited. The fact that Teutsch and Swenson each held a mechanics' lien for different amounts cuts no figure. Their rights are exactly the same under the purchase at the sale as though they were total strangers who purchased at the sale, and from the time of their purchase, as before stated, they were joint creditors, having a joint lien upon the premises as security during the year of redemption. In Donnelly v. Simonton, 7 Minn. 167, Gil. 118, it was held that the same relation exists between the purchasers at a sale and the party having the right to redeem, as existed between joint mortgagees and the mortgagor before the sale, and that payment to one discharges the lien. The case of Maddox v. Bram-

lett, 84 Ga. 84, 11 S. E. 128, is not in point. In that case the two brothers held the title to the land jointly, with an outstanding right of redemption from both; but in the case at bar Teutsch and Swenson had no interest in the land, but were merely joint creditors.

The order overruling the demurrer is affirmed. Plaintiff and respondent will recover costs upon this appeal.

Goss, J., being disqualified, CRAWFORD, District Judge, acted in his place by request. MORGAN, Ch. J., did not participate.