RANKE *v.* SLOAN.

MORTGAGES—LIABILITY OF GRANTEES.

 Grantors, who were compelled to pay mortgage on property conveyed by them, may not recover personal judgment against grantees who took subject to said mortgage but did not assume it or agree to pay it.

Appeal from Wayne; Black (Edward D.), J., presiding. Submitted January 10, 1933. (Docket No. 89, Calendar No. 36,971.) Decided March 2, 1933. Rehearing denied April 21, 1933.

Action by Rudolph C. Ranke and another against Saul and Hattie Sloan to recover sums paid to discharge a mortgage on property conveyed to defendants subject to mortgage. Judgment for plaintiffs against defendant Saul Sloan. Plaintiffs and defendant Saul Sloan appeal. Reversed as to defendant Saul Sloan, affirmed as to defendant Hattie Sloan.

*Clarence T. Wilson,* for plaintiffs.

*Irwin I. Cohn (Edward H. Stein,* of counsel), for defendants.

POTTER, J. Plaintiffs, the owners of real estate in Detroit, sold and conveyed the same to defendants subject to two real estate mortgages. The deed conveying the premises from plaintiffs to defendants warranted the same to be free from all incumbrances whatever, except a certain real estate mortgage for $16,000 to the Midland Mutual Life Insur-

ance Company, and a second mortgage for $3,225 to Margaret E. Kuni, of record, and subject to paving assessments. Defendants did not make payments on the second mortgage as they accrued, and the holder thereof sued plaintiffs, who were compelled to pay it. Plaintiffs then sued defendants to recover the amount paid and interest thereon. From a judgment for plaintiffs against defendant Saul Sloan, plaintiffs appeal, claiming a judgment against both defendants, and defendant Saul Sloan appeals, claiming he is not liable. The declaration contains several counts, some of which are in assumpsit, and others in fraud. Defendants did not, in the deed accepted by them from plaintiffs, assume and agree to pay the mortgages or either of them, or any part thereof. Neither one nor both of them could be held liable for a deficiency in foreclosure proceedings of these mortgages under the rule established by 3 Comp. Laws 1929, § 14368; nor are either or both of them liable to a personal judgment for the amount plaintiffs were compelled to pay on the Kuni mortgage. Plaintiffs executed that mortgage and received the money on it. Payment of it was enforced against them. There was no assumption of that mortgage by defendants or either of them. There was no contract which could be made the basis of a judgment in assumpsit against defendants or either of them under the circumstances, and no basis for an action of fraud, which could be based only on defendants' promise to pay the mortgages when they intended not to pay them, thereby obtaining the property. *Laing* v. *McKee,* 13 Mich. 124 (87 Am. Dec. 738); *Wilson* v. *Eggleston,* 27 Mich. 257; *Munzer* v. *Stern,* 105 Mich. 523 (29 L. R. A. 859, 55 Am. St. Rep. 468). An essential element of actionable fraud, the promise to pay upon the part of defendants, is

lacking. There being no basis for a judgment either in assumpsit or for fraud, established against defendants or either of them, judgment is reversed as to defendant Saul Sloan, and affirmed as to defendant Hattie Sloan, with costs.

McDONALD,, C. J., and CLARK, SHARPE, NORTH, FEAD, WIEST, and BUTZEL, JJ., concurred.