[No. 1530, April 10, 1913.]

URSINUS SIDNEY BATEMAN, et al., Appellants, v. JULIUS J. GITTS, et al., Appellee.

SYLLABUS (BY THE COURT).

1. A decree, which provides that A shall have a first lien upon certain shares of stock of a bank, and that B shall have a second lien upon such stock, but which requires A to comply with certain conditions imposed, within sixty days, and provides that in the event of A's failure to so comply B shall have a first lien and A's lien shall be inferior and second to B's lien; and which decree further provides for the sale of said collateral, by a receiver appointed, under further orders of the court to be made, and directs said receiver to hold the proceeds so realized "subject to the further orders of the court," is not a final decree.

2. Where further action of the court is necessary, in a cause, to give completely the relief contemplated by the court, the decree upon which the question arises is interlocutory and not final.

3. The trial court has the right, upon entering final judg-

ment in a cause, to disregard the requirements and conditions imposed in an interlocutory decree, theretofore entered.

Appeal from District Court, Chaves County.

U. S. BATEMAN, for Appellants.

Recovery must in all cases be had on the pleadings and the evidence. Vol. 11, American Digest, Decennial Edition, sec. 248, page 1920; Wheeler v. Foster, 82 Ill. App. 153; Woodward v. Mitchell, 39 N. E. 437; Fowler v. Cooper, 2 Ky. 58; Shannon v. Pennington, 10 Ky. 814; Clemons v. Helehan, 72 N. W. 270; Toy v. McHugh, 87 N. W. 1059; Satterlund v. Beal, 95 N. W. 518; 23 Cyc. 816; Black v. Early, 106 S. W. 1023; Roden v. Helm, 90 S. W. 798; 120 Pac. 307; Schneider v. Patton, 75 S. W. 168; 1 Black on Judgments, (2nd ed.) sec. 41.

NISBETT & NISBETT, for Appellants.

There is no principle of law better settled than that every act of a court of competent jurisdiction shall be presumed to have been rightly done. 1 Black on Judgments, sec. 270; Voorhees v. Jackson, 2 Pac. 289; Wenner v. Thornton, et al., 98 Ill. 156; Blake v. Lyon Mfg. Co., 77 N. Y. 226; Cary v. Field, 10 N. M. 257; M. W. Flournory v. George W. Champion, 11 N. M. 87; Benjamin H. Dey, et al. v. H. C. Cary, et al., 13 N. M. 85; George A. Davison. v. Etta Owens, 16 N. M. 689.

A decision on a former appeal, whether right or wrong, is the law of the case. Roach v. Sanborn Land Co., 122 N. W. 1020; In re Cook's Estate, 122 N. W. 578; Rising v. Carr, 70 Ill. 596; Stewart, Admr. v. Salmon, et al., 97 U. S. 361; Hastings v. Foxworth, 34 L. R. A. 321.

### OPINION OF THE COURT.

ROBERTS, C. J.—On the 25th day of October, 1909, the District Court of Chaves County, New Mexico, entered a decree in this case by which the appellee was given a first lien on sixteen shares of stock of the American National Bank of Roswell, owned by one Julius J. Gitts;

and the intervenor, the American National Bank of Roswell, was given a lien on said shares of stock, which lien however, was declared to be a second lien to the lien of the First National Bank of Marshall, Minnesota. The decree provided further, as follows:

"But that said lien given to said First National Bank of Marshall, is upon the condition that, within sixty days from date hereof, it cause said note now held by said Weaver to be endorsed, transferred and delivered for collection to the receiver hereinafter named, and that said bank within said time also endorse and deliver to said receiver said two certificates of stock now in its possession, and that within said time said bank also truly reports in writing to be filed in this action, what collateral, if any, other than said certificates of stock it has to protect it against the payment of said renewal note, and also what became of said insurance policies and the amounts thereof, by what companies issued and to whose favor the same were issued; (d) that in the event of the failure of said First National Bank of Marshall to comply with any one or more of the provisions above mentioned within the time above mentioned, unless extension thereof be granted by this court upon written applications by said bank therefor, said lien given to said bank shall be inferior and second to the lien hereinbefore given to the intervenor; (e) that Alexander J. Nisbett, Esq., of Roswell, Chaves County, New Mexico, is hereby appointed receiver of this court, and is hereby authorized, empowered and directed to take possession of said note now held by said Weaver upon the same's being transferred and endorsed to him, and also to take possession of said certificate of stock and all other collateral, if any, held by the First National Bank of Marshall to protect it as guarantor of said renewal note, including said two insurance policies; and said receiver is hereby empowered and directed to proceed to collect said note by suit or otherwise and to sell said shares of stock and other collateral, including said two insurance policies, under the orders of the court hereafter to be made and to hold the proceeds derived from such collection and sale subject to the further orders of the court."

From this decree an appeal was taken to the Supreme

Court of the then Territory of New Mexico, and the judgment of the lower court was affirmed in an opinion which will be found reported on page 441 of the 16th New Mexico Report. Thereafter, and upon receipt of the mandate of the Supreme Court, on the 31st day of July, 1912, the District Court of Chaves County entered the following final decree:

"This cause coming on for further hearing herein and for affirmation on the final decree herein upon the judgment of the Supreme Court on affirmation in all things of the judgment of this court made herein on October 19, 1909, the court being fully advised in the premises and having heretofore, on February 19th, 1912, ordered the sixteen shares of the capital stock of the Roswell National Bank held by Alexander J. Nisbett, special master in this cause, sold at private sale, and the same having been so sold on said day and date to H. P. Saunders of Roswell, New Mexico, for the sum of $2,800.00, and this court having heretofore, on October 19, 1909, duly adjudged and decreed that the First National Bank of Marshall, Minnesota, one of the defendants herein, and the Supreme Court herein in all things having affirmed said judgment, that said bank had a first and prior lien on said sixteen shares of stock aforesaid, by reason of the same having been duly hypothecated and pledged to said First National Bank of Marshall, Minnesota, as security for a certain promissory note given by J. J. Gitts & Company, J. J. Gitts, Francis Gitts, Ed Gitts, Paul Gitts, V. B. Gitts, for the sum of five thousand and no-100 ($5,000.00) dollars, and it further appearing to the court that the only and all the available proceeds and assets obtainable by said special master, and now in his hands as such master, is the sum of twenty-eight hundred and no-100 ($2,800.00) dollars aforesaid, received by him for the sale of said stock;

*It Is Therefore Ordered, Adjudged and Decreed* by the court that the said special master pay over to the said First National Bank of Marshall, Minnesota, pledgee of said stock, the said sum of twenty-eight hundred and no-100 ($2,800.00) dollars, and upon his filing its receipt therefor with the clerk of this court he is hereby discharged

from any and all further duties herein as special master, aforesaid."

Thereafter, on the 2nd day of August, 1912, the appellant filed with the Clerk of the District Court a motion to set aside said final decree upon various grounds, one of which was that the appellant had no notice of the fact that application had been made by the appellee, the First National Bank of Marshall, Minn., for the entry of said final decree, or that the same had been entered, or was to be entered. Later, however, appellant withdrew this motion and prayed an appeal to this court from said final decree. For reversal of the judgment of the lower court, it is urged here that the final decree was erroneous because it disregarded the conditions imposed by the decree of Octobr 25, 1909, which required the First National Bank of Marshal, Minn., to do certain things within a limited time, and upon default in complying therewith, the intervenor should have a first lien. The error in appellants' contention lies in the fact that they treat the said decree of October 25, 1909, as being a final judgment. It is true an appeal was taken from this judgment to the Territorial Supreme Court, and the judgment was there affirmed, but the fact that the judgment was not final, but merely interlocutory, does not appear to have been called to the court's attention, or to have been considered. In that case appellee filed no brief, and the matter was determined upon the record and brief filed by appellant. Had the matter received the attention of the court, the appeal would undoubtedly have been dismissed, as the judgment from which the appeal was taken was not final. A reading of the decree, or of that portion of it involved in this discussion, will demonstrate the fact that further action of the court in the case was necessary to give the relief contemplated by the court. It was not a final judgment in favor of the First National Bank of Marshall, Minn., nor on the other hand, was it final as to the intervenor, the American National Bank of Roswell. The First National Bank of Marshall, Minn., was to have a first lien upon the shares of stock upon conditions which were to be complied with within sixty days. Now whether said bank was to have a first lien was de-

pendent upon compliance with the conditions prescribed, and who but the court could determine whether or not these conditions had been complied with? Again, the decree appointed a receiver and directed him to take possession of the note and of said certificates of stock and other collateral, and he was directed to sell the stock and other collateral under orders of the court thereafter to be made, and to hold the proceeds derived from such collection and sale "subject to the further orders of the court." It will be seen therefore, that further action upon the part of the court was necessary to give the relief contemplated by the court, thus bringing the judgment clearly within the rule laid down by Judge Baldwin, for the Supreme Court of Appeals of Virginia, in the case of Coke's Administrator v. Gilpin, 1 Rob. 20, where he says:

"Where the further action of the court in the cause is necessary to give completely the relief contemplated by the court, there the decree upon which the question arises is to be regarded not as final, but interlocutory. I say the further action of the court in the cause, to distinguish it from that action of the court which is common to both final and interlocutory decree, to-wit, those measures which are necessary for the execution of a decree that has been pronounced, and which are properly to be regarded as adopted not in, but beyond the cause, and as founded on the decree itself or mandate of the court, without respect to the relief to which the party was previously entitled upon the merits of his case. Any other criterion than this seems to me liable to the objection of ambiguity or uncertainty."

A judgment somewhat similar to the decree of October 25, 1909, rendered in this case, was considered by the Supreme Court of the United States, in the case of Jones v. Craig, reported in 127 U. S. 213. The decree there was conditional, and provided:

"It is ordered that if within fifteen days the plaintiff bring into court the amount of the note and mortgage set forth in the bill of complaint (and do certain other things) * * * then the defendant be restrained from the further prosecution of the cause in ejectment set forth

Bateman v. Gitts, 17 N. M. 619.

in said bill of complaint * * * but if the plaintiff shall fail so to do within the time mentioned, the said demurrer to said bill be sustained, and the said bill of complaint be dismissed, and the defendant herein be allowed to proceed with the prosecution of his said action at law."

Speaking of this order, Mr. Justice Miller for the court said:

"This court, however, has no jurisdiction of the case as it stands, because the order just cited is not a final decree. Something yet remains to be done in order to make it such, and that action depends upon whether or not the complainants will comply with the order to bring in the sum due on the mortgage. If that order is complied with, then a decree should be made upon the hypothesis on which the order was made in favor of the complainants in the bill, and quieting their title. If, however, the money is not brought into court, then according to the theory of the order, the bill of complaint should be dismissed. But even assuming the right of the court to make the order, as well as its validity, the circumstances under which the bill of complaint is to be dismissed, or the relief granted to the complainants named therein, and the sum to be paid, are matters which are yet to be determined, which may turn out either one way or the other, and which when ascertained, will be the foundation for a final decree. There is no final decree as the matter now stands."

Thus in this case, if the First National Bank of Marshall, Minn., complied with the conditions prescribed in the decree of October 25, 1909, within the time limited, a decree was then necessary directing the payment of the money to said bank. If, however, said bank failed to comply with the order, then according to the theory of the order made, judgment should have gone for the intervenor. The question as to which of the parties was entitled to the first lien upon the shares of stock in question, was dependent upon certain acts on the part of one of the parties to be performed, and necessarily further action on the part of the court was required before either party could enforce the judgment.

See also Stratton v. Dewey, 79 Fed. 32 and also 16 Cyc., 472, where the rule is stated as follows:

"It is interlocutory if it leaves an amount to be paid to be ascertained in the future, or if its finality is conditioned upon the performance of some act in the future."

While the first decree was interlocutory and properly not appealable, the matter not having been called to the attention of the Territorial Supreme Court in the case of Bateman v. Gitts, supra, that court considered the case on its merits, and the principles of law therein announced are sound and meet with the approval of this court.

It yet remains for us to determine the effect of the final decree entered July 31st, 1912, and the question suggests itself as to whether or not the court had the right to enter in this case a final judgment, and by said judgment disregard the requirements and conditions imposed in the interlocutory order or decree theretofore entered. If the court had the power so to do, then the judgment must be affirmed, as the only objection here urged is that such final judgment disregarded the conditions imposed by the first decree. 16 Cyc. 503, in speaking of the power of the court over interlocutory decrees, states the rule thus:

"An interlocutory decree remains subject to the control of the court throughout the remainder of the proceedings, and may at any time be amended or vacated. This power of revision may be exercised on motion or petition, or by rendering, on final hearing, a different decree."

In the case of Fourinquet, et al. v. Perkins, 16 How. 82, the Supreme Court of the United States, had under review a case which had theretofore been appealed to that court and dismissed because the decree was held to be interlocutory, and upon being remanded to the court below, the Circuit Court proceeded to take the account upon the principles stated in its interlocutory order, and when the report of the master came in, exceptions were taken to it on both sides. At the argument of these exceptions it appears that the court reconsidered the opinion it had expressed on the merits in the interlocutory order; and believing that opinion to be incorrect, dismissed complainant's appeal. From that decree an appeal was taken and counsel for appellant objected to the decree of dismissal because it was contrary to the opinion on the merits

expressed by the court in its interlocutory order. Chief Justice Taney, speaking for the court, said: ⟍

"But this objection cannot be maintained. The case was at final hearing at the argument upon the exceptions, and all of the previous interlocutory orders in relation to the merits were open for revision and under the control of the court. * * * And if the court below, upon further reflection or examination, changed its opinion, after passing the order, or found that it was in conflict with the decision of this court, it was its duty to correct the error."

This case is quoted with approval by the Territorial Supreme Court, in the case of Bent v. Miranda, 8 N. M. 78, where the court says:

"We do not understand that the court, in directing the final judgment, is confined to the interlocutory decree or is foreclosed by it." See also Hebblethwaite v. Flint, et al., 82 N. Y. S. 471.

This being true, the District Court of Chaves County had the power, when it made its final decree, to disregard the conditions imposed in the interlocutory decree of October 25th, 1909.

Appellants having withdrawn their motion to set aside this final decree, this court of course cannot consider any question raised by such motion.

Finding no available error in the record, the judgment of the lower court is affirmed, and it is so ordered.

## SYLLABUS (BY THE COURT).

