NUTTER v. OCCIDENTAL LIFE INS. CO.

SYLLABUS BY THE COURT.

1. Before an action can be maintained to redeem land from a foreclosure sale, the amount paid by the purchaser, together with interest, must be paid or tendered to the purchaser.                                                    P. 142

2. A tender of the amount, conditioned on the execution by the purchaser of some instrument concerning title thereto, is invalid.                                                     P. 143

Appeal from District Court, Colfax County; T. D. Leib, Judge.

Suit for redemption from mortgage foreclosure, by Paul H. Nutter against the Occidental Life Insurance Company. Judgment for plaintiff, and defendant appeals. Reversed and remanded, with instructions to render judgment for defendant.

CRAMPTON & PHILLIPS, of Raton, and A. B. McMILLEN, of Albuquerque, for appellant.

BICKLEY, KIKER & VOORHEES, of Raton, for appellee.

### STATEMENT OF FACTS.

This is a suit by appellee, as grantee of an original mortgagor subsequent to foreclosure sale, to redeem real estate sold under foreclosure decree from the purchaser at such foreclosure sale. The purchaser at special foreclosure sale was the plaintiff in the suit to foreclose the mortgage. There was judgment for the plaintiff, and the defendant appeals. On November 1, 1911, George H. Kirkendall executed his mortgage deed to the Maxwell Irrigated Land Company, in which he conveyed to said company 160 acres of land situated in Colfax county, N. M., together with an appurtenant water right, to secure an indebtedness named in the mortgage and evidenced by a note. Thereafter, on the 15th day of January, 1912, the Maxwell Irrigated Land Company indorsed this note and assigned the mortgage given to secure the note to appellant, Occidental Life Insurance Company. Thereafter, this note being unpaid and past due, appellant filed a suit in the district court to foreclose the mortgage on said real estate and to recover judgment in personam against the defendants. George H. Kirkendall, the original mortgagor, and the Maxwell Irrigated Land Company, were named in said suit as defendants. Kirkendall, having removed from the state of New Mexico prior to the institution of this suit, was not personally served with process and did not appear in court, but service was made on him by publication under the provisions of section 4098 of the Codification of 1915; the other defendant, the Maxwell Irrigated Land Company, was personally served with process. On the 6th day of March, 1917, each of the defendants being in default, foreclosure of said mortgage was decreed by the court, and a money judgment in the sum of $5,495.68, with the usual deficiency clause, was renderd against the Maxwell Irrigated Land Company, and a decree of foreclosure without a deficiency judgment was taken

against Kirkendall. On the 30th day of June, 1917, the real estate described in the mortgage was sold by a special master under the decree of foreclosure. Appellant became the purchaser at such sale for the sum of $4,500. This sale was confirmed by the court on the 9th day of July, 1917, and the master's deed was thereupon made and delivered to this appellant under the order of the court. Kirkendall was at that time a resident of the state of Colorado; the Maxwell Irrigated Land Company on that date had suffered a deficiency decree against it in the foreclosure suit for $995.68, besides interest and costs, by reason of its indorsement of the note and assignment of the mortgage.

On the 5th day of November, 1917, Kirkendall, original mortgagor, conveyed, or attempted to convey, his statutory right of redemption in and to the real estate and water right described in the mortgage to the appellee by means of a quitclaim deed to said property. On the 3rd day of December, 1917, the appellant being then and there the holder of the legal title to said real estate and water right, and at the same time the owner of the deficiency judgment against the Maxwell Irrigated Land Company, had a conference with appellee and his attorney. During this conference, appellee contends that he tendered to appellant the amount paid by appellant at the foreclosure sale, plus the legal interest to the time of the conference. This tender, with the condition imposed, was refused, and subsequently this action was brought.

### OPINION OF THE COURT.

HOLLOMAN, District Judge (after stating the facts as above). Many errors are assigned by appellant; but, as this case must be reversed for the reason that no legal tender was ever made by the appellee, it will be unnecessary to consider the other assignments of error.

[1] On the 3rd day of December, 1917, and within nine months of the time of the sale of the property, appellee attempted to redeem the land. In order to redeem

it was necessary for him to pay the purchaser, this appellant, the amount of the purchase price, together with interest thereon. The amount due at that time was the sum of $4,729.50. This amount was offered by the appellee to the appellant, but with the condition that the appellant execute some instrument by which the title of this appellee to the land should be cleared of record. The appellant offered to take the money, but refused to execute any such instrument as demanded by the appellee. The condition thus imposed by the appellee vitiated the tender. Union Esperanza Mining Co. v. Shandon Mining Co., 18 N. M. 153, 135 Pac. 78.

[2] The appellee, however, claims that a proper tender was made in the bill of complaint in this cause, and that even though the tender made on December 3, 1917, was invalid, yet the one made in the complaint is valid. However, the entire theory of the complaint is based upon the assumption that the tender of December 3rd was valid, and the offer to pay alleged in the complaint is merely an attempt by the appellee to keep a former tender good. This view of the theory of the complaint, and the theory adopted by the parties at the trial of the cause, is supported by the finding of the court No. 10, which is as follows:

"That after the refusal of the said Occidental Life Insurance Company to accept the plaintiff's said tender for the redemption of said real estate and water right, the plaintiff on, to wit, the 18th day of December, 1917, filed this his action for the redemption of said real estate, and thereby tendered in the court the said sum of $4,729.50, the amount tendered by him to said Occidental Life Insurance Company, on the said 3d day of December, 1917, for the purpose of redeeming said land and real estate."

This finding was evidently adopted and acquiesced in by the appellee, as he took no exception to it, and is thereby bound by it.

The tender made in the complaint, if any was really made, was, as the trial court found, "the said sum of $4,729.50, the amount tendered by him to the said Occidental Life Insurance Company on the said 3rd day of

December, 1917." And coupled with the offer to pay, as set out in the complaint, is the same demand for proper conveyance, etc. It is apparent that the only tender the pleader or the trial court had in mind was the one made on December 3, and, if any tender was intended to be made in the complaint, certainly the appellee would not have alleged any facts regarding the tender of December 3, and would necessarily have been compelled to tender a larger amount than was offered on December 3. It is also apparent that no action would lie against the appellant until after an unconditional offer to pay the amount due was made by the appellee to the appellant. If an unconditional tender had been made and had been refused, then, and then only, would the appellee have had the right to maintain this action. So the only tender that can be considered in passing upon the questions in this case is the one that was made on December 3.

If the law required the purchaser to execute the instrument demanded on tender being made, a different question would be presented. In the case of payment of taxes the law requires the treasurer to give a receipt, so a tender of taxes conditioned on the giving of a receipt therefor is perfectly valid; but there is no law requiring the execution and delivery of such an instrument as was demanded by the appellee, so it follows that the conditional tender was void, and this action could not be maintained.

For the reason above stated, the judgment will be reversed and the cause remanded, with instructions to render a judgment for the appellant.

And it is so ordered.

PARKER, C. J., and ROBERTS, J., concur.

On Motion for Rehearing.

HOLLOMAN, District Judge. The appellee has filed his motion for a rehearing of this cause based upon the

claim that the court entirely overlooked and disregarded the well-known rules of law that the findings of fact by the court are entitled to the same weight as findings by a jury, and that, if the findings of fact by the court are supported by substantial evidence, they will not be reviewed or questioned by this court.

This court, in arriving at its former opinion, neither overlooked the findings of fact by the court, nor did it disregard the rules of law above mentioned. While it is true that the trial court found that the tender made on the 3rd day of December, 1917, was unconditional, that finding is unsupported by the evidence in the case. In fact, the only conclusion that can be drawn from the witnesses of the appellee is that the tender was conditioned upon the execution of some instrument by which the title of the appellee to the land should be cleared of record. The following from the testimony of the appellee himself is sufficient to show that the tender was not unconditional:

"Q. And you say that Mr. Simms offered this money to Mr. McMillen? A. Yes, sir.

"Q. And Mr. McMillen said he would take it? A. He said he would take the money.

"Q. He didn't take it? A. No.

"Q. You didn't permit him to take it? A. I didn't when he said that he wouldn't give us anything to show that he had taken it."

The same conclusion is necessarily drawn from the testimony of the witness Simms, who was appellee's attorney and was present at the time the conditional tender was made, and testified as to what occurred at that time.

It might well be suggested, however, that the statement of the trial court in finding of fact No. 9, relative to the tender being unconditional, was not a finding of fact but merely a conclusion of law, and it is a conclusion of law which is erroneously drawn from the facts testified to by the appellee's witnesses. In fact, we have searched the record carefully and have failed to find the

testimony of a single witness, or a single circumstance, that justifies the conclusion that the tender was unconditional. On the contrary, all of the testimony and circumstances in the case conclusively show that the tender was conditional, and that it was based upon the condition that an instrument of some character must be executed by appellant in order that the title of appellee to the land in question would be cleared.

For the reasons above stated, the motion for a rehearing is denied.

ROBERTS, J., concurs.

PARKER, C. J., absent.