[No. 3109. Nov. 9, 1927.
Rehearing Denied Jan. 10, 1928.]

MOISE v. TIMM.

[262 Pac. 535.]

Charles F. Fishback, of Ft. Sumner, for appellant.

F. Faircloth, of Santa Rosa, for appellee.

## OPINION OF THE COURT

WATSON, J. ■ Appellant, Mrs. Ida Timm, purchased real estate at foreclosure sale. Thereafter appellee, J. J. Moise, by deed from the mortgagor, acquired the right to redeem. Within the statutory period, he attempted to tender the requisite amount to appellant, but the trial court found that the tender was conditional, and therefore concluded, following Nutter v. Occidental Life Ins. Co., 26 N. M. 140, 189 P. 882, that it was ineffectual. Thereafter he paid the amount to the clerk of the court in which the foreclosure suit had been pending, taking a receipt therefor, which the court held "was a sufficient tender and legal in every respect." The suit is one to redeem, and the judgment grants the relief.

Our redemption statute (Code 1915, § 4775) provides as follows:

"* * * Any real estate which may be sold under any order, judgment or decree of any court, may be redeemed by the mortgagor, or his assign or any other party interested in said real estate by paying to the purchaser or his assign the amount paid, with interest from the date of purchase at the rate of twelve percentum per annum at any time within nine months from the date of sale."

It seems clear that under this statute the redemption payment is to be made to the purchaser or his assign, and that, unless we are to enlarge the right by construction, a tender made to the clerk of the court is ineffectual.

"As a general rule we agree that a statutory right of redemption is to be favorably regarded, but, it is a statutory right that is not to be enlarged by judicial interpretation. We cannot extend the time allowed for redemption nor waive any condition attached by the statute." Mining Co. v. Mining Co., 18 N. M. 153, 135 P. 78.

So it seems that the trial court erred in basing judgment upon payment or tender to the clerk.

Appellee's principal contention here is that the court erred in finding that the tender made to appellant was conditional. Whether New Mexico appellate practice permits an appellee to challenge a ruling in his favor we need not consider. Appellant did not except to the ruling below, apparently was satisfied with it, and has filed no cross-assignments. If there was any available method by which he could have reviewed the ruling, he has failed to adopt it. The correctness of the trial court's finding cannot be questioned for the first time on appeal.

The judgment must be reversed, and the cause remanded with direction to enter judgment dismissing the complaint.

It is so ordered.

PARKER, C. J., and BICKLEY, J., concur.

## ON MOTION FOR REHEARING.

WATSON, J. ■ In the last paragraph of the foregoing opinion we spoke inaccurately. We suggested the question "whether New Mexico appellate practice permits an appellee to challenge a ruling in his favor." The question we had in mind was whether one who has obtained all the relief sought, and hence has no occasion to appeal, may, to sustain his judgment, based on an erroneous theory, present for review a ruling adverse to him on a different theory.

Appellee now argues that Code 1915, § 4210, is authority for the payment he made to the clerk. It reads as follows:

"When a tender of money is alleged in any pleading, it shall not be necessary to deposit the money in court when the pleading is filed, but it shall be sufficient if the money is deposited in court at the trial, or when ordered by the court."

This statute seems to relate to keeping a good tender alive. We cannot see how a compliance with it would make a bad tender good.

The motion must be denied.

PARKER, C. J., and BICKLEY, J., concur.