[No. 3487. Dec. 15, 1930.]

RICHARDSON v. PACHECO.

[294 Pac. 328.]

J. C. Gilbert, of Roswell, for appellant.

Hurd & Crile and Carlton P. Webb, all of Roswell, for appellee.

OPINION OF THE COURT

WATSON, J.

This is a suit to enforce redemption of lands sold under foreclosure decree. From a judgment for defendant plaintiff appeals.

It appears that on the last day of the statutory redemption period plaintiff went to defendant's home for the purpose of redeeming, having with him the requisite sum. He arrived about 11:30 a. m., and left about 12:15 p. m., having been informed by defendant's wife that defendant was at work on some ranch, she did not know where. Plaintiff then went to the courthouse, 65 miles distant, and placed the amount with the clerk of the court, obtaining a receipt specifying that the purpose of the payment was to redeem the property.

The court found that plaintiff "made an honest endeavor to pay * * * the full amount due for the redemption of said land and within the time provided by law." He held, however, that the facts stated did not meet the statutory requirements for redemption. 1929 Comp. § 117—119. Appellant contends that this was error.

Under our statute the payment to the clerk was ineffectual as a redemption. Moise v. Timm, 33 N. M. 166, 262 P. 535. Certainly no tender was made at appellee's home. Consequently the court did not err in the particular as contended by appellant.

But appellant relies upon certain decisions holding that, if the redemptioner has been prevented from making a tender which he desired and tried to make, equity may compel the redemption, though the statutory period has expired. For the most part these decisions involve fraud or mistake, against which it is the common business of equity to afford relief. There is nothing of that kind here and no basis for estoppel or claim of waiver.

But one case cited by appellant is at all in point. That is Wade v. Major, 36 N. D. 331, 162 N. W. 399, L. R. A. 1917E, 633. Of that case the author of the L. R. A. annotation remarked:

"* * * It is the only one which has allowed redemption from mortgage foreclosure sale after the expiration of the time allowed by statute for redemption, on purely equitable grounds, apart from fraud or mistake on the part of the purchaser or his privies or the public officers, preventing redemption within the prescribed time, and apart from a contract to extend the time of redemption."

Assuming that case to be a precedent for a court of equity to disregard the statutory limit of time and mode of procedure, we find that this court has viewed the matter differently. In Union Esperanza Mining Co. v. Shandon Mining Co., 18 N. M. 153, 135 P. 78, 80, we said:

"As a general rule we agree that a statutory right of redemption is to be favorably regarded; but it is a statutory right that is not to be enlarged by judicial interpretation. We cannot extend the time allowed for redemption, nor waive any condition attached by the statute."

In Nutter v. Occidental Life Insurance Company, 26 N. M. 140, 189 P. 882, relief was refused on the theory that an offer to pay, coupled with a demand for reconveyance, was not a tender equivalent to payment under the statute.

These decisions preclude giving consideration to the doctrine of Wade v. Major, supra. Nor is the position we take so narrow or illiberal as the majority opinion in that case suggests. As an act of grace the statute gives the mortgagor nine months in which to recover his property. His equity of redemption ends with the sale. He who waits until the last day to seek out the purchaser takes the risk of missing him. It is effective action, not good intentions, that the statute calls for.

The judgment will be affirmed, and the cause remanded. It is so ordered.

PARKER and SIMMS, JJ., concur.

BICKLEY, C. J., and CATRON, J., did not participate.