38 P.(2d) 1114

## ULIVARRI et al. v. LOVELACE.
### No. 3966.

Supreme Court of New Mexico.

Dec. 5, 1934.

Robert H. La Follette, of Albuquerque, and Kenneth G. Speir, of Newton, Kan., for appellants.

Bryan G. Johnson and Allen Tonkin, both of Albuquerque, for appellee.

HUDSPETH, Justice.

After a sale of appellants' real estate had been made by special master under decree of foreclosure of a mortgage executed by them in favor of the First Savings Bank & Trust Company of Albuquerque, plaintiff in the foreclosure suit, appellants objected to the confirmation of the sale on the grounds, among others, that the appellee, the successful bidder, did not then and there have and tender cash. The court on the 4th day of February, 1933, confirmed the sale to the appellee Edna B. Lovelace. The order of confirmation concludes as follows:

"For the sum of $25,000.00 out of which sum there has been paid the judgment of the plaintiff, to-wit, the sum of $24,613.67 less an offset of $300.81 which represents an allowance on the 1923 and 1925 taxes obtained when such taxes were actually paid, leaving in the hands of such special master the sum of $687.14 to be turned over to the defendants herein; and the court being fully advised in the premises, it is hereby

"Ordered, adjudged and decreed: That the sale of said property by said special master be and it hereby is in all things approved, ratified and confirmed: and said special master be and he hereby is discharged: To all of which defendants by their attorney duly except and object."

No appeal was taken from the order of the court confirming the sale; and on February 7, 1933, appellants accepted and receipted for

the $687.14. On the last day before the expiration of the period of redemption, appellants filed this suit attempting to state three causes of action, which in their brief they summarize as follows: "The First Cause of Action was for the purpose of obtaining cancellation of a Special Master's Deed issued in a prior cause, and to compel the defendant to file an itemized and correct accounting of rents and profits received and collected by her from said property, and for judgment for the amount found to be due and owing to the plaintiffs under the accounting thus prayed for. The second cause of action was for the purpose of obtaining an extension of the time within which to redeem the property purported to have been sold, or in lieu thereof, actual damages in the sum of $30,000.00 and punitive damages in the sum of $10,000.00. The third cause of action was for the purpose of obtaining an accounting and a reasonable extension of time in which to redeem the property."

The following from the first amended complaint embodies the theory of appellants: "That the cause referred to in the foregoing paragraph and numbered 20142 on the civil docket of this court was for the purpose of foreclosing said Mortgage Deed as against these plaintiffs, and that the Court did on the 27th day of October, 1932, order said property sold, appointing M. W. Oldaker as Special Master to make said sale 'to the highest and best bidder for cash,' and that on the 4th day of February, 1933, said Special Master filed his report, showing a sale on January 31, 1933, but which failed to show that said property was sold 'to the highest and best bidder for cash,' and that said property was not sold at said sale for cash, and no valid or legal sale was made unto defendant, and that the Special Master's Deed thereafter made, executed and delivered to defendant by said Special Master and thereafter recorded in the office of the County Clerk of Bernalillo County, New Mexico was wholly void and should be cancelled and held for naught by this Court, the same having been obtained by reason of a pretended sale 'for cash' and having been issued without a valid consideration as required by law and the order of this Court; that at the time of said pretended sale the said First Savings Bank & Trust Company was insolvent and did not have enough funds to meet its obligations, as a result of which its officers and agents conceived the idea of relieving said bank from an obligation to provide the defendant with $25,000.00 in cash, which she had on deposit with said bank and was about to withdraw, without the necessity of providing cash therefor, said bank not having that amount available at that time due to said insolvency and depleted condition of its finances, and that consequently an agent of said bank specially representing the defendant herein, appeared at the sale and made a bid in behalf of the defendant in this action at $25,000.00 without having or tendering said sum in cash at said sale, and thereafter the agents of said bank merely changed the records of said bank to 'complete' said transaction and plaintiffs further allege that the insolvency of said bank and the illegal scheme of assisting the defendant to purchase said property without having and ten-

dering the actual cash was not fully known to these plaintiffs at the time of confirmation of the sale in said cause No. 20142 and that this Court was without said information at the time of confirming said sale and plaintiffs say upon information and belief that said transaction was so tainted with illegality and fraud as to vitiate said Special Master's Deed."

Appellee's motion to strike was treated as a demurrer and sustained. The court found: "That said first amended complaint is not frivolous, but that as to each of the three causes of action therein contained it fails to state a cause of action, and that said motion to strike should be treated and taken as a general demurrer to the first amended complaint and sustained as such." Appellants elected to stand upon their first-amended complaint, and from the order of dismissal this appeal is prosecuted.

▓ Passing without considering the effect of appellants' failure to appeal from the order of confirmation (Shortle v. McCloskey, 38 N. M. 548, 37 P.(2d) 800) and their acceptance of the balance of the proceeds of the sale, we come to the main point relied upon for reversal, viz., that the purchaser at a foreclosure sale is not entitled to the rents and profits during the period of redemption. In the case of Gunby v. Doughton, 30 N. M. 144, 228 P. 603, we passed upon the question of the right of possession as between the mortgagor and the purchaser. The court, speaking through Mr. Chief Justice Parker, said: "In this connection it is to be remembered that by a decree of foreclosure, and a decree of confirmation of sale thereunder, all of the rights of the parties are merged and passed to the purchaser. The mortgagee no longer has any mortgage lien, and the mortgagor no longer has any title to the property. The sole right remaining to the mortgagor is the right to redeem, a right, which does not arise out of the mortgage or the decree, but a right, which is extended to him by statute, whereby he may defeat the title of the purchaser." It was there held that foreclosure sales and execution sales were on the same basis. Comp. St. 1929, § 46-120, which governs the redemption from execution sales, provides: " * * * When redeemed, the purchaser shall have the growing crops, and shall not be responsible for rents and profits, but he shall account for wastes." Under the title of Mortgages, C. J. p. 403, § 2193, states: "Where the statute gives the purchaser legal title, he is not accountable for the rents and profits, but where the legal title is not passed by the sale until the period of redemption has expired, the redemptioner is entitled to rents and profits." Since the decision in the Gunby Case, it has not been questioned that our statute gives the purchaser the legal title upon the confirmation of the sale, and it follows that he would be entitled to the rents and profits of the property.

▓ Appellants' learned counsel have fully presented, under several points, their theory of the right of appellants to redeem after the expiration of the statutory period under the allegations of the amended complaint. They place reliance mainly upon the failure of appellee to have cash at the place of sale.

It is to be noted that the amended complaint does not allege that the property was not sold at the highest and best price, nor that the sale was not openly and fairly conducted. Nor is it shown that the failure of appellee to have at the courthouse door, where the sale was conducted, legal tender in the amount of her bid, resulted in injury to appellants. The arrangement alleged to have existed by which the purchaser's $25,000 deposit in the First Savings Bank & Trust Company, the plaintiff in the foreclosure suit, was applied in satisfaction of her bid, was not different in effect from the usual procedure where the purchaser pays with a check or draft acceptable to the special master. We are unable to perceive wherein the solvency or insolvency of the bank affected the situation in so far as appellants were concerned. The complaint shows that there was no tender made within the period of redemption.

It appears clearly that there is no ground alleged for equitable interference in this case. There is no showing of fraud, nor is the jurisdiction of the court which approved the sale questioned.

█ The redemption statute is not directory merely, it fixes the time within which redemption may be made, and it has long been the established rule in this state that it is not within the discretion of the court to extend the time for redemption. Union Esperanza Mining Co. v. Shandon Mining Co., 18 N. M. 153, 135 P. 78; Moise v. Timm, 33 N. M. 166, 262 P. 535; Nutter v. Occidental Life Ins. Co., 26 N. M. 140, 189 P. 882; Richardson v. Pacheco, 35 N. M. 243, 294 P. 328, 329. In the case of Richardson v. Pacheco, supra, we said: "It is effective action, not good intentions, that the statute calls for." One of the cases cited by appellants to another point clearly states the law on this point: "In my opinion, the case presented is not one to be determined upon some notion of general equities. The parties have a right to stand upon the law. Carlisle v. Dunlap, 203 Mich. 602, 169 N. W. 936. The right to redeem from a foreclosure at law is a legal right, is created by the statute, and can neither be enlarged nor abridged by courts. A redemption is complete when one having the right to redeem pays in proper time, to a proper person, 'the sum which was bid, * * * with interest. * * *'" Wood v. Button et al., 205 Mich. 692, 172 N. W. 422, 425.

Appellants strenuously urge that the rule should be abandoned because of the unprecedented depression now affecting the entire country, and quotes Chief Justice Hughes in Minnesota Mortgage Moratorium Law Case (Home Building & Loan Ass'n v. Blaisdell, 290 U. S. 398, 54 S. Ct. 231, 78 L. Ed. 413, 88 A. L. R. 1481). An act of the Minnesota Legislature was under consideration. The decision has no application to the case before us, since it is no authority for the invasion by the courts of the legislative field. The New Mexico Legislature, since the execution of the mortgage involved in this case, has enacted a new law on the subject of redemption from foreclosure sales. Laws 1931, c. 149.

Finding no error, the judgment of the district court will be affirmed, and it is so ordered.

WATSON, C. J., and SADLER, BICKLEY, and ZINN, JJ., concur.