523 P.2d 10 (1974)
80 N.M. 275
J.V. SPECKNER and Barbara J. Speckner, Plaintiffs-Appellees,
v.
Fred A. RIEBOLD and Bertha Riebold, Defendants-Appellants,
Charles Wilson and Farmers Market and Supply Company, Inc., Defendants-Appellees.
No. 9729.
Supreme Court of New Mexico.
April 5, 1974.
*11 C.N. Morris, Silver City, for defendants-appellants.
Shantz, Dickson & Young, Robert J. Young, Silver City, for plaintiffs-appellees.
PER CURIAM:
Upon consideration of the motion for rehearing, the opinion heretofore filed is withdrawn and the following substituted therefor:

OPINION
STEPHENSON, Justice.
The appellees Speckners brought this civil suit in the District Court of Grant County to foreclose an equitable mortgage. Appellee Charles Wilson (Wilson) and Farmers Market and Supply Company, Inc., (Farmers), holders of judgment liens against the appellants which were junior to the lien of the Speckners, intervened. Wilson and Farmers sought, and ultimately obtained, foreclosure of their liens.
A default judgment was entered against appellants (defendants) foreclosing the mortgage and ordering the property to be sold. After the sale and during the hearing on the Commissioner's report of sale, appellants made an oral motion that they be allowed a homestead exemption in the proceeds of the sale remaining after the mortgage had been satisfied. That motion was denied. After the hearing, appellants filed a written claim of homestead exemption and objections to the proposed order approving the Commissioner's report of sale. The court entered an order and supplemental order confirming the sale while denying the claim of homestead exemption and objections to the order. Appellants have appealed these orders. We affirm.
In its decree of foreclosure, the court ordered the following:
"3. Kenneth L. Myers is hereby appointed Commissioner to make sale hereunder and after such sale he shall issue to the purchaser his Certificate of Sale, and after the time allowed by law for redemption has expired, he shall execute and deliver to the purchaser his deed to said property; * * *"
This decree differed somewhat from usual New Mexico practice. Our statutes make no provision for "certificates of sale". Normally the Commissioner or special master, upon approval and confirmation of the sale, executes a deed to the purchaser which is subject to defeasance if the property is redeemed by the mortgagor.
In any case, an order of sale was thereafter sought and granted; the property was sold; the Commissioner reported the sale and sought confirmation. The court then approved the Commissioner's report of sale. Moreover, the Commissioner was authorized and directed to execute and deliver a commissioner's deed, to be approved by the court and delivered to the purchaser.
As their first point for reversal, appellants argue that the district court lacked jurisdiction to modify the decree of foreclosure by ordering the Commissioner to execute and deliver a deed to the purchaser. Appellants base their contention on the terms of the decree which ordered the Commissioner to issue the purchaser a certificate of purchase. Since no appeal was taken from the foreclosure decree, appellants maintain that the decree becomes the law of the case and controls all subsequent proceedings, including the terms and conditions under which the mortgaged property was sold.
As nearly as we can make out, appellants claim to have been prejudiced in their rights regarding possession of the mortgaged property by the court's shifting from the certificate of sale procedure outlined *12 in the decree of foreclosure to the arrangement whereby the Commissioner was to execute and deliver a deed to the purchaser upon the ultimate confirmation of the sale by the court. We will assume, without deciding, that the appellants' possessory rights were adversely affected by the changed mechanics of the sale. See Ulivarri v. Lovelace, 39 N.M. 36, 38 P.2d 1114 (1934); Gunby v. Doughton, 30 N.M. 144, 228 P. 603 (1924). Appellants do not question the court's power to provide for the delivery of the commissioner's deed, and hence the purchaser's possession, had it done so in the foreclosure decree. Although such delivery and possession are not specifically provided for by statute, they are authorized by necessary implication in various legislative acts. See, for example, §§ 24-2-17, 24-2-22 and especially § 36-12-1 subd. A(4), N.M.S.A. 1953. This has been consistently recognized in our precedents. Ulivarri v. Lovelace, supra; Gunby v. Doughton, supra. Appellants only question the procedure by which the court arrived at its ultimate result concerning the delivery of the deed.
As we view it, there are two separate adjudications in a suit to foreclose a mortgage. The initial judgment operates to foreclose the mortgage. It declares the rights of the parties in the mortgaged premises. If no appeal is taken from that portion of the judgment, it becomes final unless modified under the provisions of § 21-9-1, N.M.S.A. 1953, which allows trial courts control over their judgments for a period of thirty days.
The second part of the judgment directs that the mortgaged property be sold, and fixes the manner and terms of the sale. It is interlocutory. A district court has a continuing supervisory jurisdiction over mortgage foreclosure sales. It has certain discretionary powers to order such a sale on any terms or in any manner, subject only to statutory prohibitions and review for abuse of discretion. McCloskey v. Shortle, 41 N.M. 107, 64 P.2d 1294 (1937). We adopt the rule expressed in Best v. Patten, 158 Misc. 8, 285 N.Y.S. 76 (1936), rev'd on other grounds, In re Tharratts' Estate, Best v. Patten, 248 App.Div. 678, 290 N.Y.S. 550 (1936):
"A judgment of foreclosure is always final in part and interlocutory in part; final as to determining the rights of the plaintiff under the mortgage; interlocutory with respect to the sale; final as to the amounts to be paid to the mortgagor; interlocutory with respect to the legality of the proceedings upon the sale, the proper distribution of the proceeds thereof and as to any rights in the distribution of any surplus."
That part of the decree of foreclosure that directs the manner and terms of the sale of the mortgaged property does not become a final judgment until the judicial confirmation of the sale, whereupon it becomes final. National Reserve Life Insurance Company v. Kemp, 184 Kan. 648, 339 P.2d 368 (1959); Moore v. Waltman's Adm'x, 288 Ky. 258, 156 S.W.2d 100 (1941); 79-83 Thirteenth Ave., Ltd. v. De Marco, 79 N.J. Super. 47, 190 A.2d 391 (1963); State v. Warden, 197 Okl. 97, 168 P.2d 1010 (1946); Betz v. Tower Sav. Bank, 185 Wash. 314, 55 P.2d 338 (1936).
We are aware of a line of New Mexico cases holding that an order confirming a judicial sale is not a final judgment, but is rather a final order affecting a substantial right made after the entry of judgment, appealable under Supreme Court Rule 5(2) [§ 21-2-1(5)(2), N.M.S.A. 1953]. Shortle v. McCloskey, 38 N.M. 548, 37 P.2d 800 (1934); Armijo v. Pettit, 34 N.M. 559, 286 P. 827 (1930); Cooper v. Brownfield, 33 N.M. 464, 269 P. 329 (1928). Such classifications were formerly important because of the differing times within which appeals had to be perfected. This situation no longer prevails, and in any case for present purposes it is unnecessary to arrive at any such classification. The point here is that provisions in the foreclosure decree concerning the sale were interlocutory. OttoJohnson Merc. Co. v. Garcia, 24 N.M. 356, 174 P. 422 (1918).
*13 Being interlocutory, the portion of the decree in question remained under the control of the court at least until the confirming order. The court was free to disregard the interlocutory arrangements regarding sale contained in the decree. Bateman v. Gitts, 17 N.M. 619, 133 P. 969, Ann.Cas. 15B, 1192 (1913). The interlocutory order regarding sale was open for revision and the court, upon further reflection or examination, was at liberty to change it. Bateman v. Gitts, supra. The judicial sale, being ultimately conducted in a manner which would have been within the power of the court to have initially authorized, was valid. Shortle v. McCloskey, supra. The actions of the trial court concerning execution and delivery of a deed to the purchaser upon confirmation were entirely proper.
Appellants also argue that the trial court erred in denying their claim for a homestead exemption, relying on § 24-6-1, N.M.S.A. (1973 Supp.). They concede that the exemption is not available to them as against the foreclosing mortgagees (Speckners) but seem to assert it against everyone else who claims a right in the sale proceeds.
Appellants' claim regarding a homestead exemption must be dealt with according to the legal positions occupied by their adversaries. As we have said, Wilson and Farmers held judgment liens against appellants. They initially intervened seeking foreclosure of their liens. They were ultimately made defendants by an amended complaint whereupon they answered and cross claimed seeking the same relief. Appellants answered the cross complaints, merely alleging that Mrs. Riebold's interest was not subject to foreclosure. No claim for a homestead exemption was made in these answers. Wilson and Farmers then moved for, and obtained, summary judgments.
The short answer to appellants' argument so far as Wilson and Farmers are concerned, is that they failed to comply with the provisions of § 24-1-24, N.M.S.A. 1953 which says:
"The defendant, if he desires to claim such real estate or any part thereof as an exemption allowed by law, shall set up his claim of exemption by answer in such foreclosure suit."
If appellants desired to claim a homestead exemption against these junior judgment lienholders, compliance with the quoted statute was essential. They had an opportunity to advance such claims in their answers to the cross claims which sought foreclosure. They have plainly failed to comply with § 24-1-24, supra.
We then come to the question of garnishments. The garnishment proceedings do not appear in the record. Our information on the subject is sparse, being gleaned from statements in the Commissioner's reports and certain provisions of court orders. They are presumably regular or we would have heard of it. In any case, the sole question presented is whether the proceeds of sale are shielded by § 24-6-1, supra, from the operation of the writs of garnishment. What we now say is limited to that narrow question.
Wilson's share of the proceeds have apparently been garnished by a Mr. Ball and wife. The court ordered Wilson's share paid to Ball et ux, subject to leave granted appellants to supersede.
Appellants do not assert that Ball occupies a different position than Wilson. Accordingly, having held that appellant's claim of homestead exemption was unavailing against Wilson, we find no error in the court's direction to pay Wilson's share of the proceeds to Ball et ux.
After disbursing or taking into account the claims of the Speckners, Wilson, Farmers', interest, costs and expenses of sale and the like, there remained from the proceeds of sale $6,730.46 for the account of appellants. But their troubles were not at an end, because the Commissioner was garnished by two other claimed creditors of appellants, Messrs. Minor and Willis, in amounts aggregating the sum in appellants' account.
The Minor and Willis garnishments are based upon asserted debts owing by appellants, *14 as distinguished from the Ball garnishment which was predicated upon a debt of Wilson.
Declining to be diverted by the fact that Minor was the purchaser at the sale, because appellants attach no significance thereto, we hold that the appellants' claim of homestead exemption is unavailing as against the Minor and Willis garnishments.
§ 24-6-3, N.M.S.A. 1953 (Supp. 1973), a section of the same article as § 24-6-1, supra, upon which appellants rely, provides:
"The provisions of this article do not apply or extend to taxes, garnishment, recorded liens of mortgagees or lessors or recorded liens of laborers or materialmen for labor or materials furnished for the construction or repair of the dwelling house."
Finding no error the case is affirmed.
It is so ordered.
MONTOYA and MARTINEZ, JJ., concur.