# IN THE COURT OF APPEALS OF THE STATE OF NEW MEXICO

Opinion Number: _____

Filing Date: __February 9, 2016_____

**NO. 33,983**

**WELLS FARGO BANK, N.A.,**

      Plaintiff-Appellee,

v.

**JAMES J. PYLE,**

      Defendant-Appellant,

and

**LAREE J. PYLE, MORTGAGE ELECTRONIC REGISTRATION SYSTEMS, INC. (solely as nominee for lender and lender's successors and assigns), and CAPITAL ONE BANK (USA), N.A.,**

      Defendants.

**APPEAL FROM THE DISTRICT COURT OF BERNALILLO COUNTY**
**Beatrice J. Brickhouse, District Judge**

Snell & Wilmer L.L.P.
Allison L. Biles
Denver, CO
Kelly H. Dove
Las Vegas, NV

for Appellee

United South Broadway Corp.
Michael Prinz
Mark A. Pustay
Albuquerque, NM

for Appellant

## OPINION

**BUSTAMANTE, Judge.**

{1}     James and Laree Pyle were unable to redeem their property after a foreclosure sale because the district court denied their motion to extend the thirty-day redemption period set by their mortgage on the ground that the motion was not filed before the foreclosure judgment was entered. James Pyle appeals arguing that the plain language of NMSA 1978, Section 39-5-19 (1965), which requires that motions for extensions of redemption periods be made "before judgment," is contrary to the purpose of the redemption statutes. We disagree and affirm.

## BACKGROUND

{2}     In 2003 James (Appellant) and Laree Pyle, who is not a party in this appeal, executed a note and mortgage for the purchase of property in Albuquerque, New Mexico. Approximately six years later, Wells Fargo Bank, N.A. (Wells Fargo) filed a complaint for foreclosure. An amended complaint was filed approximately three months later. Appellant did not answer either complaint. Consequently, a default judgment was entered against him in June 2010. Appellant did not move to set aside the default judgment and does not argue on appeal that the default judgment was improperly entered against him. *See* Rule 1-060(B) NMRA (providing for relief from a judgment for, among other things, "mistake, inadvertence, surprise, or excusable

neglect"). The judgment provided that Appellant was "barred and foreclosed of any right, title, interest, or claim in or to the property, subject only to a one month period of redemption set forth in the [m]ortgage[.]" *See* § 39-5-19 (stating that "[t]he parties to any such instrument may, by its terms, shorten the redemption period to not less than one month").

{3}     After a series of delays, some of which were caused by bankruptcy filings by Appellant, the property was sold at a public auction on December 17, 2013, to Wells Fargo for approximately $46,000 less than the amount owed by Appellant. The sale was approved by the district court. Twenty-five days later, Appellant moved for a thirty-day extension of the one month redemption period so that he could assign his right to redeem to a third party. Because the district court hearing on the motion to extend was scheduled for more than thirty days after the original redemption period ended, Appellant filed an amended motion requesting a ninety-day extension. A hearing was held on June 26, 2014. The district court denied the motion to extend and Appellant filed a timely notice of appeal.

**DISCUSSION**

{4}     Appellant argues that a "strict interpretation" of Section 39-5-19 leads to absurd results that are "contrary to the purpose of the redemption statute and overly restrictive of the district court's exercise of equitable [powers]." We begin with Wells

Fargo's contention that this argument was not preserved for appeal. *See Woolwine v. Furr's, Inc.*, 1987-NMCA-133, ¶ 20, 106 N.M. 492, 745 P.2d 717 ("To preserve an issue for review on appeal, it must appear that appellant fairly invoked a ruling of the trial court on the same grounds argued in the appellate court."). At the hearing on Appellant's motion to extend the redemption period, Appellant argued that requiring a showing that he intended to redeem the property before the judgment "does lead to an absurdity," and that "[t]he plain language [reading of the statute] would limit the statute so greatly I don't know if the [L]egislature intended that." During Appellant's argument, the district court stated that it was "trying to think what the purpose of [the 'before judgment'] language is" and that under that language, it "seems as though it would be extremely difficult to redeem." Finally, the district court observed that "[it couldn't] even imagine very many scenarios where a homeowner . . . on the verge of judgment at that point thinks, okay, I'm going to have enough [money], and I'm asking right now for there to be an extension of the redemption." It is clear from the district court's comments that it understood Appellant's arguments. This issue was adequately preserved for appeal.

{5}     The operative statutes here are NMSA 1978, Section 39-5-18 (2007) and Section 39-5-19. Section 39-5-18(A) permits a former defendant owner of property to redeem the property after a foreclosure sale within nine months of the sale. Section

39-5-19 permits the parties to a mortgage to reduce the redemption period to not less than one month and provides that the district court may, "upon a sufficient showing before judgment that redemption will be effected, increase the period of redemption to not to exceed nine months notwithstanding the terms of such instrument." *See Sun Country Sav. Bank of N.M., F.S.B. v. McDowell*, 1989-NMSC-043, ¶ 21, 108 N.M. 528, 775 P.2d 730 (noting that it had "implicitly interpreted the phrase 'parties to an instrument' to mean that parties to a mortgage may reduce the redemption period to one month"). The grant or denial of an extension of the redemption period, an equitable remedy, is generally reviewed for an abuse of discretion. *Chapel v. Nevitt*, 2009-NMCA-017, ¶ 39, 145 N.M. 674, 203 P.3d 889 (stating that "in equity, the district court has some discretion to extend the time to redeem").

{6}     The grounds for the district court's denial of Appellant's motion are unclear. But since the mortgage here specified a redemption period of one month and the parties' arguments below focused on the interpretation of Section 39-5-19, we infer that the district court's decision rested on its construction of the statute. Our review is therefore de novo. *Pub. Serv. Co. of N.M. v. Diamond D Constr. Co.*, 2001-NMCA-082, ¶ 48, 131 N.M. 100, 33 P.3d 651.

{7}     Appellant argues that "[o]ne of the purposes of the redemption statute is to give the property owner . . . a reasonable opportunity to redeem the property." *Chase*

4

*Manhattan Bank v. Candelaria*, 2004-NMSC-017, ¶ 9, 135 N.M. 527, 90 P.3d 985. He maintains that requiring property owners to demonstrate that they intend to redeem the property *before judgment* restricts the opportunity to redeem such that it is no longer a reasonable one and hence is contrary to the Legislature's intent. Appellant also argues that such a requirement "seriously erode[s] the rights of all non-responsive defendants to redeem as they will be precluded from ever getting an extension, no matter the circumstances surrounding the request." Finally, appellant argues that the requirement "runs contrary to the notion that enlargement of the redemption period is an equitable remedy" because it restricts the district court's ability to grant such relief.

{8}     "In construing a statute, [the appellate courts'] charge is to determine and give effect to the Legislature's intent." *Marbob Energy Corp. v. N.M. Oil Conservation Comm'n*, 2009-NMSC-013, ¶ 9, 146 N.M. 24, 206 P.3d 135. In doing so, we are "aided by classic canons of statutory construction, and . . . look first to the plain language of the statute, giving the words their ordinary meaning, unless the Legislature indicates a different one was intended." *Id.* (internal quotation marks and citation omitted); *see* NMSA 1978, § 12-2A-19 (1997) ("The text of a statute or rule is the primary, essential source of its meaning."). If the plain language is "clear and unambiguous, [the appellate courts] must give effect to that language and refrain from

further statutory interpretation." *Marbob*, 2009-NMSC-013, ¶ 9 (internal quotation marks and citation omitted). Our courts have repeatedly recognized that "[t]he right to redeem from a foreclosure at law is a legal right, is created by the statute, and can neither be enlarged nor abridged by courts." *Ulivarri v. Lovelace*, 1934-NMSC-087, ¶ 7, 39 N.M. 36, 38 P.2d 1114 (internal quotation marks and citation omitted); *Richardson v. Pacheco*, 1930-NMSC-111, ¶ 7, 35 N.M. 243, 294 P. 328 (stating that redemption "is a statutory right that is not to be enlarged by judicial interpretation" (internal quotation marks and citation omitted)), *abrogated on other grounds by Plaza Nat'l Bank v. Valdez*, 1982-NMSC-105, ¶ 17, 106 N.M. 464, 745 P.2d 372. Consistent with these principles, we conclude that the phrase "before judgment" in Section 39-5-19 is clear and unambiguous and does not require further construction.

{9}     We disagree with Appellant that our conclusion is contrary to the purpose of the statute. The fact that the Legislature set a deadline for a *request* for an extension of the redemption period does not contravene its intent to provide a reasonable opportunity to redeem. Even though the request must be made before judgment, property owners may still request up to nine months to effectuate the redemption. Section 39-5-19. In addition, Appellant's argument rests on a false premise that it is unreasonable to expect defendant property owners to consider whether they might redeem the property during foreclosure proceedings and before judgment. We

6

recognize, as did the district court, that the statutory deadline for extension requests makes redemption more difficult for defendant property owners. Nevertheless, we conclude that the deadline does not render the opportunity to redeem, or at least to request an extension of the redemption period, unreasonable. Indeed, here, Appellant was aware of the complaint for foreclosure for six months before the default judgment was entered. Thus, he was not taken unawares by the judgment and was not deprived of a reasonable opportunity to request an extension of the redemption period.

{10}   As to Appellant's argument that, under a "strict" reading of the statute, defaulting property owners would never be granted an extension of the redemption period because they would not be able to request an extension of the redemption period before judgment, we disagree that this presents a problem that requires judicial action. Appellant's argument ignores his own role as a nonresponsive party; by failing to respond to the complaint, Appellant removed himself from the legal process and deprived himself of the opportunities it offers. We agree with Wells Fargo that Appellant's appeal arises from his "failure to move for an extension in the litigation he chose to ignore." *Cf. Xorbox v. Naturita Supply Co.*, 1984-NMSC-062, ¶ 12, 101 N.M. 337, 681 P.2d 1114 ("[Appellate courts] cannot reward those who sleep on their rights and ignore a summons to appear in court to defend their position.").

{11} Finally, we disagree that the statute improperly impinges on the district court's equitable powers. "It is a basic maxim that equity is ancillary, not antagonistic, to the law. Equitable relief is not available when the grant thereof would violate the express provision of a statute." *Coppler & Mannick, P.C. v. Wakeland*, 2005-NMSC-022, ¶ 8, 138 N.M. 108, 117 P.3d 914 (internal quotation marks and citation omitted). The principle of equity "cannot overcome the public policy established by the Legislature." *Id.*; c*f. Dalton v. Franken Constr. Cos.*, 1996-NMCA-041, ¶ 9, 121 N.M. 539, 914 P.2d 1036 (stating that "[a] statute establishes public policy, and the courts advance that policy by enforcing the statute"). Thus, the district court's equitable powers must be exercised within the framework established by the Legislature. Furthermore, although the statutory deadline for requests for extensions provides this framework, it does not unduly hinder the district court's ability to grant an extension upon a timely request and "sufficient showing." Section 39-5-19.

{12} To the extent Appellant argues that the district court erred by not granting his motion as an equitable matter, "we note that equity aids the vigilant, not those who slumber on their rights." *Magnolia Mountain Ltd. P'ship v. Ski Rio Partners, Ltd.*, 2006-NMCA-027, ¶ 37, 139 N.M. 288, 131 P.3d 675 (internal quotation marks and citation omitted). Moreover, Appellant does not argue that there was a clerical error or misconduct such that equitable relief was appropriate. *See Chapel*, 2009-NMCA-

017, ¶ 39 (stating that "[t]here are two general situations in which a court may use its equitable power to grant an extension to the redemption period . . . [where] redemption is not complete because of a clerical error or technical mix-up . . . [and where there is] evidence of fraud, deceit, or collusion" (internal quotation marks and citation omitted)).

**CONCLUSION**

{13}     We affirm the district court's denial of Appellant's request for an extension of the redemption period.

{14}     **IT IS SO ORDERED.**


_____
**MICHAEL D. BUSTAMANTE, Judge**

**WE CONCUR:**


_____
**JAMES J. WECHSLER, Judge**


_____
**JONATHAN B. SUTIN, Judge**

9