413 P.2d 885

**George D. FLETCHER, also known as G. D. Fletcher, Plaintiff-Appellee,**

**v.**

**Al BRYAN, Defendant-Appellant.**

**No. 7740.**

Supreme Court of New Mexico.

May 2, 1966.

**222**

Donald A. Martinez, Las Vegas, for appellant.

H. E. Blattman, Las Vegas, for appellee.

WOOD, Judge, Court of Appeals.

This appeal is from a judgment of the trial court holding that there had been no default under the terms of a written lease. The issues involve (1) the law of tender and (2) the right of a tenant to pay rent to the original lessor after the lessor has sold the property that is under lease.

Appellee Fletcher leased two lots from Thompson. The rent was payable in advance on or before the 21st day of the month.

On February 23, 1962, Thompson sold the leased property to appellant Bryan. The contract of sale provided that rent from the Fletcher lease was to be paid to Bryan. The contract is not recorded.

Fletcher's check for the rent due March 21, 1962, was refused by Thompson. Fletcher then offered cash for the March 21st rent; Thompson refused the cash. In April, Fletcher offered cash for the rent due April 21, 1962, and again Thompson refused the cash. The offers of cash were prior to the due date of the rent.

By letter dated April 27, 1962, Bryan gave Fletcher three days' notice to quit. The reason given was that Fletcher had failed to pay the rent due on March 21 and April 21, 1962.

On May 1, 1962, Fletcher filed suit against Thompson and Bryan. As a part of his claim, Fletcher asked the court to declare a nonforfeiture of the lease. After Thompson and Bryan filed separate an-

swers, Bryan "cross-claimed" against Fletcher. As a part of his claim, Bryan asked that Fletcher be adjudged to have detained the premises unlawfully.

From the filing of the lawsuit until time of trial, Fletcher paid the amount of the rental payments to the clerk of court in advance of the due date. The judgment awards these payments to Bryan.

Bryan attacks Finding of Fact No. 11, which reads:

"That the plaintiff, George D. Fletcher, has paid to * * * Thompson, all of the rentals due under the Lease Contract * * * through the 21st day of February, 1962, and thereafter * * * Fletcher, has made proper tender of all payments up to date under said lease contract. * * *"

Bryan also attacks the conclusion of the court that there was no default under the lease and that Fletcher had not forfeited his rights under the lease.

"Tender is an offer to perform a condition or obligation coupled with the present ability of immediate performance, so that were it not for the refusal of cooperation by the party to whom tender is made, the condition or obligation would be immediately satisfied."

Williston on Contracts, Rev.Ed. Vol. 6, § 1808.

■ There is substantial evidence of the proper tender of rent by Fletcher to Thompson for the rent due in March and April, 1962.

What is the effect of the tender by Fletcher to Thompson?

"The question of the effect of a tender of performance arises most frequently in the case of a unilateral money debt. In such a case, tender of payment does not operate as a discharge of the debt * * * The refusal by the creditor of a proper tender of the money due him is operative to prevent the debtor from being guilty of a breach of duty, although it is not a discharge of his duty. It is the creditor's own fault that he is deprived of the use of his money. * * *"

Corbin on Contracts, Vol. 5A, § 1233.

■ Thompson refused to accept the rent for March and April. Thompson therefore could not successfully claim that Fletcher breached his obligation to pay rent for those two months and Thompson was prevented from forfeiting the lease for nonpayment of rent by Fletcher.

Could Fletcher rightfully pay the March and April rent to Thompson when the property had been sold to Bryan in February?

■ Tender must be made to the creditor. Corbin on Contracts, Vol. 5A, § 1235. Who was the creditor after February?

■ After notice to the tenant that premises have been conveyed by the lessor,

the tenant must pay accruing rents to the grantee. Until the tenant has notice of the conveyance, he is protected in paying rent to his original landlord. Section 70–1–20, N.M.S.A., 1953 Comp.; Ann. Cases 1916D, 200; Am.Jur., Landlord and Tenant, § 461.

There is conflicting evidence as to whether Fletcher knew that Bryan had purchased the property prior to receiving the notice to quit dated April 27, 1962. The trial court refused to find that Fletcher had such notice. Absent such notice, Fletcher could rightfully pay the rent to Thompson.

■ The tender of March and April rent to Thompson prevented Bryan from forfeiting the lease on the basis of nonpayment by Fletcher of the March and April rent.

The effect of the tender is that, for purposes of forfeiture, Fletcher was not delinquent in the rent when he received Bryan's notice to quit.

The notice to quit was left with an employee of Fletcher at Fletcher's business on April 27, 1962. Fletcher claims the notice did not come to his attention until April 29, 1962. Bryan's point I is that leaving the notice with the employee was substantial compliance with § 36–9–4, N.M.S.A., 1953 Comp., and was effective service from the time the notice was left with the employee.

The notice to quit was on the basis of delinquent rent for March and April. The effect of the tender was to prevent any delinquency for those months. Thus, there was no delinquent rent on which to base the notice to quit, and no decision is necessary concerning the proper method of service under § 36–9–4, N.M.S.A., 1953 Comp.

■ Bryan's point II is that Fletcher forfeited his rights under the lease by failing to pay the March and April rent to Bryan within three days after receipt of the notice to quit.

Before the three-day statutory notice could apply, there must have been delinquent rent on which to base the notice. Because of the tender, there was no delinquency on which to base the notice. Therefore the notice to quit had no effect, did not require payment of rent in three days and there was no forfeiture.

Bryan's point III is that Fletcher's payments to the clerk of court were ineffective to prevent a forfeiture of the lease and were contrary to Rule 67 of the Rules of Civil Procedure, (§ 21–1–1(67), N.M.S.A. 1953).

The tender to Thompson results in no breach of duty on which to base a forfeiture for the March and April rent, and the effect of payment of the same into court is covered by § 21–4–4, N.M.S.A., 1953 Comp. See Moise v. Timm, 33 N.M. 166, 262 P. 535. By the notice to quit,

dated April 27, 1962, Fletcher knew that the premises had been conveyed to Bryan. Fletcher did not pay the rent due May 21st and thereafter to Bryan; he paid these sums to the clerk of court. However, Bryan never gave Fletcher notice to quit for nonpayment of the rent for May and thereafter. Such a notice is required under § 36-9-4, N.M.S.A., 1953 Comp. before a forfeiture for nonpayment of rent can be claimed. Not having done so, no decision is necessary concerning the effect of paying the money to the clerk.

The judgment is affirmed. It is so ordered.

CHAVEZ and MOISE, JJ., concur.